1  ERIC J. AMDURSKY (S.B. #180288)
   LORI E. ROMLEY (S.B. #148447)
2  JUSTIN D. WALKER (S.B. #252268)
   O'MELVENY & MYERS LLP
3  2765 Sand Hill Road
   Menlo Park, CA 94025
4  Telephone:  (650) 473-2600
   Facsimile:  (650) 473-2601
5  Email: eamdursky@omm.com
          lromley@omm.com
6         jwalker@omm.com

7  Attorneys for Plaintiff
   RIYA, INC.
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13  RIYA, INC., a California Corporation    Case No.: CV 08 0547 MMC

14                 Plaintiff,                MOTION FOR *EX PARTE* APPLICATION
                                             FOR TEMPORARY RESTRAINING
15       v.                                  ORDER AND ORDER TO SHOW CAUSE
                                             RE: PRELIMINARY INJUNCTION
16  DEBORAH BETH KIRSCH,

17                 Defendant.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Civil Local Rule 65-1, Plaintiff Riya, Inc. ("Riya") hereby moves *ex parte* for a temporary restraining order and order to show cause why Riya should not be granted a preliminary injunction against Defendant Deborah Beth Kirsch ("Kirsch"). Upon filing of this application, Riya is attempting personal service on [Kirsch at her place of residence/Derek Eletich, Kirsch's attorney, at his office]. Kirsch has been provided notice of this application by Riya's counsel. This Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction is supported by the accompanying Memorandum of Points and Authorities In Support of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("Application"), the Declarations of Munjal Shah, Andy Miller and Lori E. Romley, with attached exhibits, all submitted herewith, a copy of the Complaint, submitted herewith, the pleadings and records in this matter, all evidence that is properly brought before the Court at or before the hearing on this motion, and any oral argument of counsel that may be presented to the Court at the time of the hearing.

**GOOD CAUSE EXISTS** for granting this Application. Specifically, this case arises out of Kirsch's misappropriation of Riya's proprietary and confidential business and trade secret information. Before termination of her employment with Riya in December 2007, Kirsch provided Riya's proprietary and confidential business and trade secret information to Riya's competitors, and offered to provide more of Riya's propriety and confidential business and trade secret information after her termination.

An immediate temporary restraining order is necessary to enjoin Kirsch from defying her contractual and legal obligations to Riya. Kirsch has refused to provide any acknowledgement that she will abide by her contractual and legal obligations to Riya, nor has she acknowledged that she is not -- and will not -- use Riya's proprietary and confidential business and trade secret information. Riya's proprietary and confidential business and trade secret information is extremely valuable to Riya, as it is critical to Riya's success.

If Kirsch is allowed to continue unrestrained, it is certain that she will continue to harm Riya's future earnings and prospects. As such, Kirsch's unlawful conduct irreparable harms Riya

and an immediate temporary restraining order is necessary.

I.  **TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rule 65-1, Riya seeks a temporary restraining order as follows:

1.  From misappropriating any of Riya's confidential and proprietary business and trade secret information, including but not limited to further disclosing or otherwise using Riya's such information, whether in electronic, hard-copy, or other form, wrongfully obtained or retained from Riya, (a) by citing, quoting, making notes from, or otherwise using this information in the creation of any material, whether written, recorded or otherwise; (b) making any copies of such information, whether electronically or by other means; (c) communicating such information to any person or third party; (d) transferring such information to any other storage media, computer, server, facility, or other tangible or intangible thing where such information might be stored; and (e) or any other means;

2.  From retaining Riya's confidential and proprietary business and trade secret information and Kirsch and all persons and/or entities acting on her behalf, for her benefit or in active concert or participation with her must return all such information within 5 calendar days to Riya, with a sworn statement from each individual returning such information that states that he or she has returned all of Riya's confidential and proprietary business and trade secret information, whether in its original form or incorporated into other documents or electronic data, and that identifies all persons and/or entities to which any of that information was disclosed, the exact information disclosed and the date of disclosure;

3.  From violating the PIIA, the Separation Agreement or the Employee Handbook; and

4.  From contacting any current or former employee of Riya or from taking any other steps for the purpose of wrongfully obtaining Riya's confidential and proprietary business and trade secret information.

II. **ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

Riya also requests that the Court issue an Order to Show Cause why a preliminary

injunction should not be issued containing the same provisions as the temporary restraining order.

## III. NOTICE

As set forth in the attached proof of service, notice to the defendant of this Application was provided on January 23, 2008 (the court day of the ex parte motion for a temporary restraining order).

## IV. NECESSITY OF A TEMPORARY RESTRAINING ORDER THROUGH RIYA'S *EX PARTE* APPLICATION

Kirsch timely sought relief for a temporary restraining order. As set forth in the declarations of Munjal Shah, Andy Miller and Lori E. Romley, with attached exhibits, all submitted herewith, Riya recently learned that Kirch has been and offered to continue to misappropriate and disclose Riya's proprietary and confidential business and trade secret information.. As such, Kirsch's unlawful conduct irreparably harms Riya and an immediate temporary restraining order is necessary. As Kirsch's offer to provide Riya's competitors with additional proprietary and confidential business and trade secret information suggests, there is a significant threat that she has and will continue to disclose Riya's proprietary and confidential business and trade secret information, all in violation to her contractual and legal obligations to Riya.

Kirsch's actions reveal a blatant disregard for her contractual and legal obligations, which has already caused Riya damage. If Kirsch is allowed to continue unrestrained, it is certain that she will continue to harm Riya. Her actions are causing immediate and irreparable injury, loss and damage to Riya. Kirsch will suffer no hardship if she is required to abide by the terms of contractual and legal obligations to Riya because she is already required to do so. Riya will suffer great and irreparable harm if Kirsch is allowed to continue with her blatant disregard for her contractual and legal obligations.

Further, if Riya does not obtain the requested injunctive relief, it will suffer serious and irreparable harm because it will be prevented form maintaining the confidentiality and the exclusive use of the proprietary and confidential business and trade secret information in which it is heaving invested, both in time, effort, and money. Moreover, Riya faces irreparable harm

should Kirsch continue to disclose Riya's information to Riya's competitors. Once its proprietary and confidential business and trade secret information has been disclosed to Riya's competitors, there will be no way to undo the damage. These parties and competitors will thus have an unfair advantage over Riya. As such, money damages would not be an adequate remedy for actual or threatened disclosure of Riya's proprietary and confidential business and trade secret information.

Finally, Riya will suffer irreparable harm if this Application was heard on regular notice, which would provide Kirsch with ample opportunity to further disclose Riya's proprietary and confidential business and trade secret information.

## V. CONCLUSION

Riya respectfully requests this Court: (1) issues a temporary restraining order in the proposed form submitted concurrently herewith, and (2) issue the requested order to Show Cause, in the proposed form submitted concurrently herewith, setting a hearing on Riya's application for preliminary injunction.

Dated: January 24, 2008

ERIC J. AMDURSKY
LORI E. ROMLEY
JUSTIN D. WALKER
O'MELVENY & MYERS LLP

By: _____
          Lori E. Romley

Attorneys for Plaintiff
RIYA, INC.

MP1:1012782.1

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

| 12 | RIYA, INC., a California Corporation | Case No. |
|---|---|---|
| 13 | Plaintiff, | [PROPOSED] ORDER RE: TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION |
| 14 | v. | |
| 15 | DEBORAH BETH KIRSCH, | |
| 16 | Defendant. | |

17
18
19
20
21
22
23
24
25
26
27
28

ORDER RE: TRO AND OSC

## [PROPOSED] ORDER

Plaintiff Riya, Inc. ("Riya") having moved on *ex parte* for a Temporary Restraining Order and an Order to Show Cause re: Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, Breach of Fiduciary Duty/Duty of Loyalty, 28 U.S.C. § 2201, the California Trade Secrets Act, California Civil Code § 3426 *et seq.*, California Statutory Unfair Competition, California Business and Professions Code §§ 17200-09, breach of contract and declaratory relief, 28 U.S.C. § 2201, and under Riya's claims for conversion, money had and received, and claim and delivery based on defendant Deborah Beth Kirsch's misappropriation of Riya's property, including confidential and proprietary business and trade secret information, and the Court having reviewed Riya's Complaint, filed on or about January 24, 2008, Riya's *Ex Parte* Application, the memorandum of points and authorities and declarations filed in support thereof, the Court finds that there is **GOOD CAUSE** appearing to **GRANT** Riya's *Ex Parte* Application, and finds as follows:

1. Riya has met its burden of demonstrating that it is likely to succeed on the merits of its claims against Kirsch;

2. There is a reasonable inference that unless enjoined, Kirsch will continue to use and disclose Riya's confidential and proprietary business and trade secret information;

3. If Kirsch is permitted to continue unrestrained, she will likely continue to cause damage and harm to Riya;

4. Kirsch's actions are causing immediate and irreparable injury, loss and damage to Riya. In the balance of hardships, the harm to Riya if the Temporary Restraining Order is not granted far outweighs any harm that Kirsch may suffer if it is granted;

5. The relief Riya requests is in the public interest.

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED** that pending the hearing on the Order to Show Cause, Kirsch and all persons and/or entities acting on her behalf, for her benefit or in active concert or participation with her are **HEREBY TEMPORARILY RESTRAINED** as follows:

1. From misappropriating any of Riya's confidential and proprietary business and trade secret information, including but not limited to further disclosing or otherwise using Riya's such information, whether in electronic, hard-copy, or other form, wrongfully obtained or retained from Riya, (a) by citing, quoting, making notes from, or otherwise using this information in the creation of any material, whether written, recorded or otherwise; (b) making any copies of such information, whether electronically or by other means; (c) communicating such information to any person or third party; (d) transferring such information to any other storage media, computer, server, facility, or other tangible or intangible thing where such information might be stored; and (e) or any other means;

2. From retaining Riya's confidential and proprietary business and trade secret information and Kirsch and all persons and/or entities acting on her behalf, for her benefit or in active concert or participation with her must return all such information within 5 calendar days to Riya, with a sworn statement from each individual returning such information that states that he or she has returned all of Riya's confidential and proprietary business and trade secret information, whether in its original form or incorporated into other documents or electronic data, and that identifies all persons and/or entities to which any of that information was disclosed, the exact information disclosed and the date of disclosure, and that provides assurance that the declarant will not further use and/or disclose any Riya confidential and proprietary business and trade secret information;

3. From violating the PIIA or the Employee Handbook; and

4. From contacting any current or former employee of Riya or from taking any other steps for the purpose of wrongfully obtaining Riya's confidential and proprietary business and trade secret information.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order shall remain in effect until the Order to Show Cause hearing.

### ORDER TO SHOW CAUSE

**IT IS FURTHER ORDERED** that on _____, 2008, at _____, in Courtroom ___ of the above-captioned Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendant Deborah Beth Kirsch is **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue against her as follows:

    1.    From misappropriating any of Riya's confidential and proprietary business and trade secret information, including but not limited to further disclosing or otherwise using Riya's confidential and proprietary business and trade secret information, whether in electronic, hard-copy, or other form, wrongfully obtained or retained from Riya, (a) by citing, quoting, making notes from, or otherwise using this information in the creation of any material, whether written, recorded or otherwise; (b) making any copies of such information, whether electronically or by other means; (c) communicating such information to any person or third party; (d) transferring such information to any other storage media, computer, server, facility, or other tangible or intangible thing where such information might be stored; and (e) or any other means;

    2.    From retaining Riya's confidential and proprietary business and trade secret information and Kirsch and all persons and/or entities acting on her behalf, for her benefit or in active concert or participation with her must return all such information within 5 calendar days to Riya, with a sworn statement from each individual returning such information that states that he or she has returned all of Riya's confidential and proprietary business and trade secret information, whether in its original form or incorporated into other documents or electronic data, and that identifies all persons and/or entities to which any of that information was disclosed, the exact information disclosed and the date of disclosure, and that provides assurance that the declarant will not further use and/or disclose any Riya confidential and proprietary business and trade secret information;

    3.    From violating the PIIA or the Employee Handbook; and

4. From contacting any current or former employee of Riya or from taking any other steps for the purpose of wrongfully obtaining Riya's confidential and proprietary business and trade secret information.

## BOND

Pursuant to the PIIA signed by Kirsch and Riya, no bond is required.

## ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION HEARING AND BRIEFING SCHEDULE

**IT IS FURTHER ORDERED** that:

1. The hearing on Riya's Order to Show Cause Re Preliminary Injunction shall be heard on _____, at ____, in Courtroom ___ of the above-captioned Court located at 450 Golden Gate Avenue, San Francisco, California, 94102.

2. Riya shall immediately serve Kirsch with the Complaint, Summons, *Ex Parte* Application and supporting papers and this Order;

3. The parties shall comply with the following briefing schedule:

- No later than _____, at _____, defendant Kirsch shall file her opposition papers, if any, and shall serve those documents on Riya through hand delivery to Riya's counsel;

- No later than _____, at _____, Riya shall file any reply papers and shall serve those documents on Kirsch through hand delivery to Kirsch's counsel.

## NOTICE OF FAILURE TO ATTEND ORDER TO SHOW CAUSE HEARING

**NOTICE IS HEREBY GIVEN** that should Kirsch fail to respond to and/or attend the Order to Show Cause hearing scheduled herein, the Court will immediately issue the requested Preliminary Injunction and order that it take effect immediately upon dissolution of the Temporary Restraining Order set forth above, and shall extend for the pendency of this litigation. Kirsch is hereby given further notice that she shall be deemed to have actual notice of the

1  issuance and terms of such Preliminary Injunction and any act by her in violation of its terms may
2  be considered and prosecuted as contempt of Court.

3  **PRESERVATION ORDER**

4  **IT IS FURTHER ORDERED** that Kirsch shall preserve and not destroy,
5  damage, or alter in any way, all potentially relevant evidence in this action, including but not
6  limited to, any Riya confidential and proprietary business and trade secret information that exists
7  on Kirsch's personal computer or any work computer that she may have, and on all electronic
8  devises, including but not limited to, hard disk drives, floppy disk drives, removable storage
9  devices, CDs, DVDs, PDAs, cellular telephones, blackberries and all other similar electronic
10 storage devices belonging to, under the custody and/or control of Kirsch. Kirsch shall also
11 preserve, and not destroy, damage or alter in any way, all emails and instant messages in all of her
12 personal and work email accounts, which refer to, relate to or discuss Riya.

13 **IT IS SO ORDERED.**

14     Dated: January _____, 2008

15

16                                           By:_____
                                                 United States District Court Judge
17 MP1:1012771.1