ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone:   (650) 473-2600
Facsimile:   (650) 473-2601
Email: eamdursky@omm.com
       lromley@omm.com
       jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

**MMC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIYA, INC., a California Corporation<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DEBORAH BETH KIRSCH,<br><br>　　　　　　Defendant. | Case No.<br><br>**NOTICE OF MOTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that Riya Inc. ("Riya"), on January __, 2008, at ___ a.m./p.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in the courtroom of Judge assigned to this matter, will and hereby does move for an order permitting it to serve document requests on defendant Deborah Beth Kirsch ("defendant" of "Kirsch"), and to take the depositions of Kirsch and non-party witnesses David Lewis ("Lewis") and Aimen Barma ("Barma") and 77Blue, LLC ("77blue"), with attached document requests, and to subpoena records related to Kirsch's personal email account from Yahoo! on an expedited basis.

   This motion is brought under Federal Rules of Civil Procedure 26, 30, and 34. This motion is based on this Notice Of Motion And Motion, the accompanying Memorandum Of Points And Authorities, the Declaration Of Lori E. Romley with attached exhibits, submitted concurrently herewith, the pleadings and records in this matter, all evidence that is properly brought before the Court at or before the hearing on this motion, and any oral argument of counsel that may be presented to the Court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

   Riya seeks an order for limited expedited discovery permitting it to serve document requests and a deposition notice on Kirsch, to take the depositions of non-party witnesses Lewis, Barma and 77blue, with a request for production of documents, and to subpoena Yahoo!. As explained more fully in Riya's *Ex Parte* Application for Temporary Restraining Order ("TRO Motion"), Kirsch engaged in blatant misappropriation of Riya's confidential and proprietary business and trade secret information. Moreover, Kirsch made it clear to Lewis that she stole Riya's software and planned to share with Lewis all that she learned at Riya for the benefit of Lewis's company, 77blue, a direct competitor of Riya. These activities were carried out through the use of electronic communications, including email and instant messages, and the substance of recovered electronic communications indicates a desire to eliminate relevant evidence. Riya

requests that the Court permit it to take the requested discovery, so that it can adequately prepare for the hearing on the Order to Show Cause Re Entry of Preliminary Injunction and make certain that the relevant electronic data and documents are preserved. The time for discovery before a hearing on the Order to Show Cause Re Entry of Preliminary Injunction ("OSC Hearing") in this matter is limited and the risk of destruction of evidence is high. Accordingly, good cause exists for granting this Motion.

## II.   BACKGROUND FACTS

During Kirsch's employment with Riya, Kirsch disclosed proprietary and confidential business and trade secret information to Lewis, who is the President and Founder of 77blue, and Barma. Declaration of Munjal Shah In Support of Ex Parte Application For Temporary Restraining Order and Order To Show Cause Re: Preliminary Injunction ("Shah Decl."). ¶¶ 16-19. This included, but is not limited to, information relating to Riya's finances, product designs, technology and functions, marketing and business strategies, and customer data. *Id.* After Kirsch's employment with Riya was terminated, Riya inadvertently discovered that Kirsch had violated her contractual and legal obligations to Riya through electronic communications found on her company-issued computer. *Id.* ¶16. However, the communications found on Kirsch's company-issued computer also indicated that she was concerned that her activities would be discovered if she continued to use her company-issued computer, and that she would use her personal telephone to further violate her contractual and legal obligations to Riya. Declaration of Lori E. Romley In Support of Plaintiff RIYA, Inc.'s Ex Parte Application For Temporary Restraining Order and Order To Show Cause Re: Preliminary Injunction ("Romley TRO Decl."), Ex. D. Indeed, her employment with Riya was terminated for sending confidential materials to a non-managerial employee who specifically requested that Kirsch send her the materials to his personal (rather than Riya) email address. *Id.* In order to fully ascertain the extent to which Kirsch continued her improper behavior of disclosing Riya's proprietary and confidential business and trade secret information to Lewis and Barma through the use of personal email addresses, Riya needs to depose them and gain access to their electronic communications from their personal email addresses

      In addition, much of the evidence that is critical to Riya's claims exists in electronic form on the computers and servers of defendant, Lewis, Barma and 77blue, and in Kirsch's personal email account at Yahoo!, and potentially other as yet unknown third parties, which could be lost or destroyed. Riya also needs to understand the extent to which its confidential and proprietary business and trade secret information have been compromised and distributed to third parties, including competitors, by defendant. This will permit Riya to take any possible mitigating actions, as well as be able to properly tailor its request for a preliminary injunction. Accordingly, Riya requests the Court permit it to take the discovery it seeks on an expedited basis, so that it can adequately prepare for the OSC Hearing and obtain the materials that it needs for that effort.

### III.  MEET AND CONFER EFFORTS

      On January 16, 2008, Riya's counsel sent a letter to Kirsch advising her that Riya intended to bring suit against her and expressing Riya's concern that she preserve all evidence relating to Riya's claims against her. Declaration of Lori E. Romley In Support of Plaintiff's Motion For Limited Expedited Discovery ("Romley Decl.") ¶ 3. In order to avoid motion practice, the letter also requested that Kirsch voluntarily agree to provide a full accounting of certain discoverable material. *Id.* In response to this letter, on January 18, 2008, Riya received an abbreviated response from Derek Eletich, who informed Riya that he was representing Kirsch and indicated that he would respond substantively to Riya's letter to Kirsch "next week." He did not provide any assurance that he would send the requested information, or even indicate that Kirsch would maintain and preserve the discoverable materials that Riya requested. *Id.* ¶ 4, Ex. A.

      As Riya did with Kirsch, Riya's counsel sent a similar letter to Lewis on January 17, 2008. Romley Decl., Ex. B. On January 18, 2008, Riya received a brief email response from Lewis, who informed Riya that his attorney would contact Riya's counsel "next week." *Id.*, Ex. C. He did not make any assurance that he would provide the requested information, or even indicate that he would maintain and preserve the discoverable materials that Riya requested. *Id.*

      Barma was also sent a similar letter on January 17, 2008. Romley Decl., Ex. D. In response to this letter, on January 18, 2008, Riya received a response from David Landau, Esq., who informed Riya that he was representing Barma. Romley Decl., Ex. E. While he did state

that he and Barma understood their obligations to preserve relevant documents, he did not state that the obligations would actually be complied with or provide any indication of what steps would be taken to ensure that the obligations were fulfilled, or indicate that Barma would provide the accounting and assurances in a notarized declaration as requested. *Id.*

## IV. REQUESTED ORDER FOR EXPEDITED DISCOVERY

So that Riya may immediately preserve the information in the possession of Kirsch, Lewis, Barma, 77Blue, LLC and Yahoo!, and to adequately prepare for the upcoming OSC Hearing, Riya requests that the Court authorize expedited discovery as follows:

1. Permit Riya to immediately serve defendant with a request for production of documents and inspection demand, requiring defendant to produce the responsive documents and to produce any computers she has owned or used since September 13, 2006, within five (5) calendar days after service (a copy of the request for production is attached as Exhibit F to the Romley Declaration);

2. Permit Riya to immediately serve defendant with a deposition notice, requiring her to submit to deposition within seven (7) calendar days after service (a copy of the deposition notice is attached as Exhibit G to the Romley Declaration);

3. Permit Riya to serve Lewis, Barma and 77blue.com, LLC, with subpoenas pursuant to Fed. R. Civ. P., Rules 30 and 45, requiring them to appear for deposition, produce documents, and with respect to Lewis and Barma, also provide the executed Consent to Release, within seven (7) calendar days after service (a copy of the deposition notices, with attached subpoenas and subpoena attachments, are attached as Exhibits H, I and J, respectively, to the Romley Declaration);

4. Permit Riya to serve Yahoo! Inc. with a subpoena pursuant to Fed. R. Civ. P., Rule 45 requesting the production of defendant's documents within seven (7) calendar days after service of the subpoena service (a copy of the subpoena is attached as Exhibit K to the Romley Declaration).

In addition, Riya requests the Court issue an order prohibiting Kirsch, Lewis, Barma and 77blue from discussing their depositions, including the questions and the answers that they gave, until after all four of them have been deposed by Riya. Further, Riya requests that the Court issue an order prohibiting any counsel for Kirsch, Lewis, Barma and 77blue from disclosing the same, except that counsel may speak to his or her client regarding that client's deposition and testimony, until after all three of them have been deposed by Riya.

## V. ARGUMENT

### A. Good Cause Exists For, and the Court Has the Authority to Grant, Riya's Motion for Expedited Discovery.

The Court may, in the interests of justice, modify the timing of discovery. Fed. R. Civ. P., Rule 26(d). Expedited discovery is appropriate when good cause for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Yokahama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Az. 2001); *UMG Recordings, Inc. v. DOES 1-4*, No. 06-0652 SBA (EMC), 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006). Good cause for expedited discovery is particularly warranted in this situation.

In *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675 (D. Colo. 2002), the plaintiff sought expedited discovery to examine the beans and bean plants in defendant's possession and control. The defendants' response was that the beans had already been processed, bagged, sold, and shipped. The Court granted plaintiff's motion for expedited discovery after making several key findings. First, the Court was concerned about the risk that evidence would be lost. *Id.* at 676. If discovery was delayed, the plaintiff would not be able to conduct appropriate discovery as the beans were subject to sale, resale, and consumption or use. Second, the Court noted that there were claims involving unfair competition, which causes a continuing harm to the plaintiff. *Id.* (citing *Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 U.S. Dist. LEXIS 15957, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997)). Third, the plaintiff sought a preliminary injunction. *Id.* (citing *Revlon Consumer Products Corp. v. Jennifer Leather Broadway*, Inc., 858 F. Supp. 1268, 1269 (S.D.N.Y. 1994), *aff'd*, 57 F.3d 1062 (2d Cir. 1995); *see* Fed. R. Civ. P. 26 Adv. Comm. Notes, (1993 amendments to subdivision (d)) (expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction")); *see also, e.g., Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). Lastly, the Court was persuaded that there was little concern that the defendant would be prejudiced since the defendant had retained counsel. *Id.*

The instant case involves the same situation as found in *Pod-Ners*. There is a substantial risk that evidence will be lost since the evidence sought exists in electronic format on the computers of those individuals who are actors in misappropriating Riya's confidential and proprietary business and trade secret information. Riya also advances claims involving unfair competition and misappropriation of trade secrets, which could cause continuing harm to Riya. Riya seeks a preliminary injunction to prevent any further harm, and requires the sought after evidence to adequately prepare for the OSC Hearing. Lastly, Kirsch has retained counsel, thereby eliminating any concern that she could be prejudiced by producing the sought after evidence. In addition, Riya has narrowly focused its request for limited discovery. For the abovementioned reasons, the administration of justice would be best served by allowing Riya to conduct the requested limited discovery on an expedited basis.

As described above and in the Romley Declaration, Riya must be allowed to obtain and preserve the relevant evidence that currently resides with defendant, Lewis, Barma, and 77Blue, LLC, and to take discovery concerning its allegations sufficiently in advance of the OSC Hearing to adequately prepare for that hearing. This will also assist the Court in determining the proper scope of a preliminary injunction. The good cause for granting Riya's motion outweighs any prejudice to Kirsch or the others subject to Riya's Emergency Motion. Riya has limited its discovery requests to the three primary actors in the scheme to steal Riya's trade secrets, and to the company owned by one of those individuals that competes with Riya, and to obtain Kirsch's personal email and instant messages stored by Yahoo!. Riya has limited the scope of those requests to the issues relevant to the OSC Hearing. In addition, Riya has provided sufficient time for compliance.

Riya also requests that the Court issue an order that will preclude the deponents from discussing the questions or answers given at their individual deposition with one another, and to preclude their counsel from discussing the same information with other defense counsel or the other defendants, until all of the depositions are completed. This request is reasonable because the witnesses may attempt to conform their testimony to the others, and much of the evidence will be oral communications from Kirsch to Lewis, Barma and/or 77blue. For example, in one instant

1  message that Kirsch sent to Lewis, she promised to tell him all that she had learned at Riya, and
2  in another, she offered to help Lewis build the same search engine as Riya's. This order is akin to
3  an order under Federal Rule of Evidence 615, which authorizes a court to preclude witnesses at a
4  trial from being present in the courtroom during other witnesses' testimony. *See In re Lisanti*
5  *Foods, Inc.*, 329 B.R. 491, 512 (Bankr. D.N.J. 2005) (while Federal Rule of Evidence 615 is
6  primarily directed at exclusion of witnesses at trial, it can also apply to depositions). Both under
7  Rule 615 and here, the goal is the same: to obtain complete and honest testimony without the risk
8  of it being tainted by another witness's testimony.

9      In its emergency motion for expedited discovery, Riya raised a concern that spoliation of
10 evidence might occur and that after a party has been notified that expedited discovery had been
11 sought, it would destroy or attempt to destroy relevant, admissible evidence, and make potential
12 deponents unavailable. Defendant, Lewis and Barma have been given such prior notice and they
13 are, therefore, subject to this spoliation concern. Accordingly, an immediate order permitting
14 Riya to conduct expedited discovery is necessary so that Riya has an opportunity to fully examine
15 and preserve evidence regarding the allegations in its complaint.

16 **VI.   CONCLUSION**
17     For the reasons set forth above, Riya respectfully requests that this Court issue an order
18 permitting immediate expedited discovery as requested herein and the concurrently lodged
19 proposed order.

20     Dated: January 24, 2008

21
22                                         ERIC J. AMDURSKY
                                        LORI E. ROMLEY
23                                         JUSTIN D. WALKER
                                        O'MELVENY & MYERS LLP
24
25                                         By: /s/ Lori E. Romley
                                            Lori E. Romley
26
                                        Attorneys for Plaintiff
27                                         RIYA, INC.
28 MP1:1012445.4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIYA, INC., a California Corporation | Case No. |
| Plaintiff, | [PROPOSED] ORDER RE: MOTION FOR LIMITED EXPEDITED DISCOVERY |
| v. | |
| DEBORAH BETH KIRSCH, | |
| Defendant. | |

ORDER RE: EMERGENCY MOTION FOR
EXPEDITED DISCOVERY

## [PROPOSED] ORDER

Plaintiff Riya, Inc. ("Riya") having moved on an emergency basis for limited expedited discovery, and **GOOD CAUSE** for such discovery having been shown,

**IT IS HEREBY ORDERED THAT** Riya may take the following discovery in the form submitted immediately upon entry of this Order as follows:

1. Permit Riya to immediately serve defendant with a request for production of documents, requiring defendant to produce the responsive documents and provide the executed Consent to Release, within five (5) calendar days after service (a copy of the requests is attached as Exhibit F to the Romley Declaration);

2. Permit Riya to immediately serve defendant with a deposition notice, requiring her to submit to deposition within seven (7) calendar days after service (a copy of the deposition notice is attached as Exhibit G to the Romley Declaration);

3. Permit Riya to serve Lewis, Barma and 77blue.com, LLC, with subpoenas pursuant to Fed. R. Civ. P., Rules 30 and 45, requiring them to appear for deposition, produce documents, and with respect to Lewis and Barma, also provide the executed Consent to Release, within seven (7) calendar days after service (a copy of the deposition notices, with attached subpoenas and subpoena attachments, are attached as Exhibits H, I and J, respectively, to the Romley Declaration);

4. Permit Riya to serve Yahoo! Inc. with a subpoena pursuant to Fed. R. Civ. P., Rules 30 and 45 requesting the production of defendant's documents within seven (7) calendar days after service of the subpoena service (a copy of the subpoena is attached as Exhibit K to the Romley Declaration).

**IT IS SO ORDERED.**

Dated: January ____, 2008

By:_____
The Honorable
United States District Court Judge

MP1:1012549.1