ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone:    (650) 473-2600
Facsimile:    (650) 473-2601
Email: eamdursky@omm.com
       lromley@omm.com
       jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

ORIGINAL
FILED

JAN 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

MMC

CV 08    0547

| | |
|---|---|
| RIYA, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH BETH KIRSCH,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF LORI E. ROMLEY IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY** |

## DECLARATION OF LORI E. ROMLEY

I, Lori E. Romley, hereby declare as follows:

1.    I have personal knowledge of the matters recited herein and, if called to do so, could and would competently testify thereto.

2.    I am a Counsel at the law firm of O'Melveny & Myers LLP, and an attorney licensed to practice before all courts of the State of California and the United States District Court for the Northern District of California. I am an attorney of record for plaintiff Riya, Inc. ("Riya"). I provide this declaration in support of Plaintiff's Emergency Motion For Expedited Discovery ("Emergency Motion").

3.    On January 16, 2008, our law firm sent a letter to defendant Deborah Beth Kirsch ("Kirsch") advising her that Riya intended to bring a lawsuit against her and, as a result, Kirsch had an obligation to preserve all evidence (including any correspondence in any electronic or other format) relating to Riya's claims against her. The letter also expressed Riya's concern regarding Kirsch's misappropriation of trade secrets and, thus, requested that Kirsch provide an accounting of all confidential and proprietary information that she had removed and not returned to Riya. Riya requested that Kirsch provide this accounting and various assurances that she would not commit any further breaches of California law or her obligations under her Proprietary Information and Inventions Assignment Agreement by no later than January 18, 2008.

4.    On January 18, 2008, the day that Riya had requested Kirsch to provide the accounting and assurances, Mr. Amdursky received an abbreviated letter from Derek A. Eletich, Esq. In his letter, Mr. Eletich briefly explained that he had been retained as counsel to Ms. Kirsch and that he would get back to Riya substantively "next week." Mr. Eletich did not acknowledge Riya's concerns regarding destruction of evidence or make any other assurance that his client would not destroy the relevant materials. A true and correct copy of Mr. Eletich's letter, dated January 18, 2008, to Eric J. Amdursky as described in this Paragraph 4 is attached hereto as **Exhibit A**. As of the filing of this declaration, Mr. Eletich has not provided any further response.

ROMLEY DECL. ISO MOTION
FOR EXPEDITED DISCOVERY

5.    On January 17, 2008, our law firm sent a letter to David Lewis ("Lewis") advising him that Riya intended to bring a lawsuit against Kirsch. The letter expressed Riya's concern that Lewis had received Riya's proprietary and confidential business and trade secret information from Kirsch, and requested that Lewis provide an accounting of all confidential and proprietary information that he had received. Riya also requested that Lewis preserve all evidence (including any correspondence in any electronic or other format) relating to Riya's claims against Kirsch. A true and correct copy of this letter, dated January 17, 2008, from Eric J. Amdursky to Lewis is attached hereto as **Exhibit B**.

6.    On January 18, 2008, Riya received a brief email response from Lewis, who informed Riya that his attorney would contact Riya's counsel "next week." He did not make any assurance that he would provide the requested information, or even indicate that he would maintain and preserve the discoverable materials that Riya requested. A true and correct copy of Lewis's email, dated January 18, 2008, to Lori E. Romley as described in this Paragraph 6 is attached hereto as **Exhibit C**. As of the filing of the declaration, neither Mr. Lewis nor his counsel has provided any further response.

7.    On January 17, 2008, our law firm sent a letter to Aimen Barma ("Barma") advising her that Riya intended to bring a lawsuit against Kirsch. The letter expressed Riya's concern that Barma had received Riya's proprietary and confidential business and trade secret information from Kirsch, and requested that Barma provide an accounting of all confidential and proprietary information that she had received. Riya also requested that Barma preserve all evidence (including any correspondence in any electronic or other format) relating to Riya's claims against Kirsch. A true and correct copy of this letter, dated January 17, 2008, from Eric J. Amdursky to Barma is attached hereto as **Exhibit D**.

8.    On January 18, 2008, Riya received a brief letter from David Landau, Esq., who informed Riya that he was representing Barma. While he did state that he and Barma understood their obligations to preserve relevant documents, he did not state that the obligations would actually be complied with or provide any indication of what steps would be taken to ensure that the obligations were fulfilled, or indicate that Barma would provide the accounting and

ROMLEY DECL. ISO MOTION
FOR EXPEDITED DISCOVERY

1    assurances in a notarized declaration as requested.  A true and correct copy of Mr. Landau's

2    letter, dated January 18, 2008, to Eric J. Amdursky as described in this Paragraph 6 is attached

3    hereto as **Exhibit E**.

4         9.     Riya requests that the Court permit Riya to conduct expedited discovery in the

5    form specified in the attached discovery requests, **Exhibits F, G, H, I, J** and **K** and pursuant to

6    the timing specified therein and in the referenced exhibits and the accompanying Emergency

7    Motion for Expedited Discovery.

8         10.    Specifically, so that Riya may preserve the information taken by Kirsch, account

9    for all of the information taken unlawfully by her, and explore the full extent of the harm she has

10   caused, and thus, adequately prepare for the upcoming Hearing for an Order to Show Cause Re:

11   Preliminary Injunction ("OSC Hearing"), Riya requests that the Court authorize Riya to conduct

12   expedited discovery by permitting discovery to proceed immediately and prior to the proposed

13   discovery plan required by Rule 26(f) of the Federal Rules of Civil Procedure, as follows:

14        (a)    Permit Riya to immediately serve defendant with a request for production
               of documents, requiring defendant to respond and produce the responsive
15             documents within five (5) calendar days after service (a copy of the
               requests is attached hereto as **Exhibit F**);
16

17        (b)    Permit Riya to immediately serve defendant with a deposition notice,
               pursuant to Fed. R. Civ. P., Rule 30, requiring her to submit to deposition
18             within seven (7) calendar days after service (a copy of the deposition
               notice is attached hereto as **Exhibit G**);

19        (c)    Permit Riya to serve David Lewis, Aimen Barma, and 77blue.com, LLC
               with subpoenas pursuant to Fed. R. Civ. P., Rules 30 and 45, requiring
20             them to appear for deposition and produce documents within seven (7)
               calendar days after service (copies of the subpoenas are attached hereto as
21             **Exhibits H, I,** and **J**, respectively); and

22        (d)    Permit Riya to serve Yahoo! Inc. with a subpoena pursuant to Fed. R. Civ.
               P., Rules 30 and 45, requesting the production of defendant's documents
23             within seven (7) calendar days after service of the subpoena service (a
               copy of the subpoena is attached hereto as **Exhibit K**).
24

25        11.    Further, for the reasons stated in paragraph 6 above, Riya needs expedited

26   discovery in this action in order to (a) ascertain the full scope of Kirsch's breaches of her

27   contractual and legal obligations to Riya; (b) identify any unknown individuals who have assisted

28   Kirsch in violating her agreements with Riya and misappropriating Riya's confidential and

1  proprietary business and trade secret information; (c) determine the extent to which Riya's

2  confidential and proprietary business and trade secret information has been misappropriated by

3  Kirsch; and (d) expedite the retrieval of Riya's confidential and proprietary business and trade

4  secret information to ensure that it is not further used by Kirsch or disclosed to any third parties,

5  including, but not limited to, Riya's competitors.

6      I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct and that this declaration was executed on January 24, 2008 at

8  Menlo Park, California.

9

10                                         _____
                                           Lori E. Romley
11

12  MP1:1012563.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        5                    ROMLEY DECL. ISO MOTION
                                             FOR EXPEDITED DISCOVERY

# EXHIBIT A

LAW OFFICE OF
# DEREK A. ELETICH

155 FOREST AVENUE
PALO ALTO, CALIFORNIA 94301-1615
TELEPHONE (650) 543-5477 ♦ FACSIMILE (650) 429-2028
EMAIL  DEREKELETICH@EARTHLINK.NET

January 18, 2008

## Via Electronic Mail and Facsimile

Eric J. Amdursky
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025

       Re:    Riya, Inc.

Dear Mr. Amdursky:

       I represent D. Beth Kirsch. Please direct all future correspondence and/or inquiries regarding Ms. Kirsch to me.

       I have just been retained by Ms. Kirsch, and will substantively respond to your January 16, 2008 letter to Ms. Kirsch regarding Riya, Inc. next week.

       Very truly yours,

DEREK A. ELETICH

# EXHIBIT B

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 2765 Sand Hill Road | NEWPORT BEACH |
| BRUSSELS | Menlo Park, California 94025 | NEW YORK |
| CENTURY CITY | | SAN FRANCISCO |
| HONG KONG | TELEPHONE (650) 473-2600 | SHANGHAI |
| LONDON | FACSIMILE (650) 473-2601 | TOKYO |
| LOS ANGELES | www.omm.com | WASHINGTON, D.C. |

January 17, 2008

OUR FILE NUMBER

**<u>VIA EMAIL</u>**

WRITER'S DIRECT DIAL
(650) 473-2644

David Lewis
david@77blue.com

WRITER'S E-MAIL ADDRESS
eamdursky@omm.com

Re:    *Misappropriation of Riya, Inc's Trade Secrets*

Dear Mr. Lewis:

Riya, Inc. and it subsidiaries (jointly referred to herein as the "Company") have retained O'Melveny & Myers LLP to enforce its rights regarding your participation in a scheme to knowingly and willfully misappropriate confidential and proprietary and trade secret information from the Company.  In particular, we raise this issue because Riya recently discovered that you knowingly obtained the Company's confidential and proprietary business and trade secret information.

We are aware that you had several written communications with Deborah Beth Kirsch at a time when she was employed at the Company as the Vice President of Marketing and Sales.  During these communications, you either solicited or agreed to receive the Company's confidential and proprietary business and trade secret information.  The communications reveal a knowing intent to obtain such information that would be most useful to your companies, cashbaq.com and anycoupon.com, which compete in the marketplace with the Company.  In addition, the Company has serious concerns that your efforts to obtain the Company's confidential and proprietary business and trade secret information has not ceased with the termination of Ms. Kirsch's employment with the Company.

This behavior exhibits a pattern of disregard for Federal and California law, which provide for severe civil and criminal penalties.  The Company will not tolerate any violations of your legal obligations to the Company, and will not hesitate to bring claims against you for computer fraud, theft of trade secrets, unfair competition, conversion, intentional interference with contractual and legal obligations and with economic advantage, and other claims as circumstances warrant.  In so doing, the Company would seek all remedies available under the law, including, but not limited to, compensatory damages, special damages, injunctive relief, punitive damages, legal costs, and attorneys' fees.  In addition, the Company may seek to impose criminal penalties under at least the Computer Fraud and Abuse Act.

O'MELVENY & MYERS LLP
David Lewis, January 17, 2008 - Page 2

Because the Company intends to bring suit against you, Ms. Kirsch and possibly third parties, in order to protect the Company's interests, California law requires you to take appropriate measures to preserve any evidence related to your acquisition, use and/or disclosure of the Company's confidential and proprietary business and trade secret information. This obligation includes preserving any electronic data, including all instant messages and emails, with anyone regarding the Company's confidential and proprietary business and trade secret information, and all hard copy documents regarding the same, and all evidence of incorporation of Riya's information into your companies. You must do this with respect to all electronic data, including your personal email accounts, as well as work email accounts, and with respect to hard copy documents, you must collect and preserve all that relate to your acquisition, use and/or disclosure of the Company's confidential and proprietary business and trade secret information, and/or that relate to incorporation of that material into your companies' work product or products. The Company can -- and will -- move for severe court-imposed sanctions if you fail to abide by your obligation to preserve relevant evidence.

If you have any questions regarding these obligations, you or your attorney may contact me directly. In the meantime, the Company seeks an immediate response from you in the form of a notarized declaration by no later than <u>January 19, 2008</u>, providing the Company with (a) a complete accounting of confidential and proprietary business and trade secret information that you obtained from the Company in any manner or medium at any time and for any purpose, (b) a complete accounting of the confidential and proprietary business and trade secret information that you provided to anyone outside of the Company, (c) an assurance that you will take appropriate measures to preserve all relevant records, electronic and hard copy, including but not limited to your instant messages and email communications with Deborah Beth Kirsch, (d) an assurance that you will cease any conduct that will compromise the Company's confidential and proprietary business and trade secret information, (e) an assurance that you will comply with the law regarding theft and disclosure of the Company's confidential and proprietary business and trade secret information, including but not limited to your obligation to not further disclose and/or use that information.

Sincerely,

/s/

Eric J. Amdursky
of O'MELVENY & MYERS LLP

cc: Mr. Munjal Shah
    Lori E. Romley, Esq.

MP1:1012448.1

# EXHIBIT C

**From:** David M. Lewis [mailto:david@77blue.com]
**Sent:** Friday, January 18, 2008 3:05 PM
**To:** Romley, Lori
**Subject:** RE: Trade Secret Misappropriation

Lori-

I received your e-mail and letter. I will be unable to respond by tomorrow as that is insufficient time. My attorney will contact you next week.

-David

> -----Original Message-----
> **From:** Romley, Lori [mailto:LRomley@OMM.com]
> **Sent:** Thursday, January 17, 2008 12:40 AM
> **To:** david@77blue.com
> **Subject:** Trade Secret Misappropriation
>
>
> Mr. Lewis,
>
>
> Riya, Inc. has retained O'Melveny & Myers LLP to enforce its rights with respect to misappropriation of confidential and proprietary business and trade secret information. From evidence that was located on Beth Kirsch's computer, it is clear that you solicited and/or received Riya's confidential and proprietary business and trade secret information. This is particularly egregious because your company, 77Blue.com, has two shopping portals, cashbaq.com and anycoupon.com, which compete with Riya in the online shopping market industry.
>
> Please review the attached letter and respond as requested by January 19, 2008.
>
> Lori Romley.
>
>
>
> <<#1012448 v1 - Letter to David Lewis re misappropriation.doc>>
>
> _____
>
> Lori E. Romley
> **O'Melveny & Myers LLP**
> 2765 Sand Hill Road
> Menlo Park, California 94025
> Telephone: (650) 473-2685
> Facsimile: (650) 473-2601
> E-mail: lromley@omm.com
>
> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# EXHIBIT D

# O'MELVENY & MYERS LLP

<table>
<tr><td>

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

</td><td align="center">

2765 Sand Hill Road
Menlo Park, California 94025

TELEPHONE (650) 473-2600
FACSIMILE (650) 473-2601
www.omm.com

</td><td align="right">

NEWPORT BEACH

NEW YORK

SAN FRANCISCO

SHANGHAI

TOKYO

WASHINGTON, D.C.

</td></tr>
</table>

January 17, 2008

**OUR FILE NUMBER**

**VIA EMAIL**

Aimen Barma
abarma@ztoamarketing.com
abarma@aol.com

**WRITER'S DIRECT DIAL**
(650) 473-2644

**WRITER'S E-MAIL ADDRESS**
eamdursky@omm.com

Re:    *Misappropriation of Riya, Inc's Trade Secrets*

Dear Mr. Barma:

Riya, Inc. and it subsidiaries (jointly referred to herein as the "Company") have retained O'Melveny & Myers LLP to enforce its rights regarding your participation in a scheme to knowingly and willfully misappropriate confidential and proprietary and trade secret information from the Company.  In particular, we raise this issue because Riya recently discovered that you knowingly obtained the Company's confidential and proprietary business and trade secret information.

We are aware that you had several written communications with Deborah Beth Kirsch at a time when she was employed at the Company as the Vice President of Marketing and Sales.  During these communications, you either solicited or agreed to receive the Company's confidential and proprietary business and trade secret information.  In addition, the Company has serious concerns that your efforts to obtain the Company's confidential and proprietary business and trade secret information has not ceased with the termination of Ms. Kirsch's employment with the Company.

This behavior exhibits a pattern of disregard for Federal and California law, which provide for severe civil and criminal penalties.  The Company will not tolerate any violations of your legal obligations to the Company, and will not hesitate to bring claims against you for computer fraud, theft of trade secrets, unfair competition, conversion, intentional interference with contractual and legal obligations and with economic advantage, and other claims as circumstances warrant.  In so doing, the Company would seek all remedies available under the law, including, but not limited to, compensatory damages, special damages, injunctive relief, punitive damages, legal costs, and attorneys' fees.  In addition, the Company may seek to impose criminal penalties under at least the Computer Fraud and Abuse Act.

O'MELVENY & MYERS LLP

Aimen Barma, January 17, 2008 - Page 2

Because the Company intends to bring suit against you, Ms. Kirsch and possibly third parties, in order to protect the Company's interests, California law requires you to take appropriate measures to preserve any evidence related to your acquisition, use and/or disclosure of the Company's confidential and proprietary business and trade secret information. This obligation includes preserving any electronic data, including all instant messages and emails, with anyone regarding the Company's confidential and proprietary business and trade secret information, and all hard copy documents regarding the same, and all evidence of incorporation of Riya's information into any third party work product. You must do this with respect to all electronic data, including your personal email accounts, as well as work email accounts, and with respect to hard copy documents, you must collect and preserve all that relate to your acquisition, use and/or disclosure of the Company's confidential and proprietary business and trade secret information, and/or that relate to incorporation of that material into any third party's work product or products. The Company can -- and will -- move for severe court-imposed sanctions if you fail to abide by your obligation to preserve relevant evidence.

If you have any questions regarding these obligations, you or your attorney may contact me directly. In the meantime, the Company seeks an immediate response from you in the form of a notarized declaration by no later than January 19, 2008, providing the Company with (a) a complete accounting of confidential and proprietary business and trade secret information that you obtained from the Company in any manner or medium at any time and for any purpose, (b) a complete accounting of the confidential and proprietary business and trade secret information that you provided to anyone outside of the Company, (c) an assurance that you will take appropriate measures to preserve all relevant records, electronic and hard copy, including but not limited to your instant messages and email communications with Deborah Beth Kirsch, (d) an assurance that you will cease any conduct that will compromise the Company's confidential and proprietary business and trade secret information, (e) an assurance that you will comply with the law regarding theft and disclosure of the Company's confidential and proprietary business and trade secret information, including but not limited to your obligation to not further disclose and/or use that information.

Sincerely,

/s/

Eric J. Amdursky
of O'MELVENY & MYERS LLP

cc: Mr. Munjal Shah
    Lori E. Romley, Esq.

MP1:1012496.1

# EXHIBIT E

# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, PA 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David E. Landau
Direct Dial: (215) 977-2052
Direct Fax: (215) 405-2952
E-mail:    dlandau@wolfblock.com

January 18, 2008

**VIA E-MAIL**

Eric J. Amdursky
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA  94025-7019

Re:    Aimen Barma

Dear Mr. Amdursky:

I am in receipt of your letter of January 17, 2008 to Aimen Barma. Please direct all further correspondence to me.

We have just been engaged to review this matter and we will respond to your allegations promptly. In this regard, I note that your letter demanded a notarized declaration within 48 hours. This is patently unreasonable, particularly since the response date is a Saturday. With respect to your document preservation, we understand our obligations to preserve relevant documents including electronic data. We request your client similarly comply with its obligations to preserve evidence.

Your letter only makes the most general allegations about confidential and proprietary information and does not specifically identify any of the confidential and proprietary information that allegedly has been taken. I would like to have a discussion with you about the information you believe has been taken by Ms. Barma. Please let me know a convenient time when I or one of my colleagues may speak with you.

Sincerely,

David E. Landau
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

DEL

PHL:5771434.1/1-102002

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

# EXHIBIT F

1   ERIC J. AMDURSKY (S.B. #180288)
    LORI E. ROMLEY (S.B. #148447)
2   JUSTIN D. WALKER (S.B. #252268)
    O'MELVENY & MYERS LLP
3   2765 Sand Hill Road
    Menlo Park, CA 94025
4   Telephone:    (650) 473-2600
    Facsimile:    (650) 473-2601
5   Email: eamdursky@omm.com
            lromley@omm.com
6           jwalker@omm.com

7   Attorneys for Plaintiff
    RIYA, INC.
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  RIYA, INC., a California Corporation         Case No.

14                    Plaintiff,                 **EXPEDITED REQUEST FOR
                                                 PRODUCTION OF DOCUMENTS AND**
15          v.                                   **THINGS AND INSPECTION DEMAND TO
                                                 DEFENDANT DEBORAH BETH KIRSCH;**
16  DEBORAH BETH KIRSCH,                         **AND ATTACHED CONSENT TO
                                                 RELEASE EMAIL ACCOUNT**
17                    Defendant.                 **INFORMATION**

18

19

20

21

22  PROPOUNDING PARTY:    RIYA, INC.

23  RESPONDING PARTY:     DEBORAH BETH KIRSCH

24  SET NUMBER:           ONE

25

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's order

2    permitting expedited discovery, plaintiff Riya Inc. ("Riya") hereby requests that defendant

3    Deborah Beth Kirsch ("Kirsch") produce the following documents and things, permit the

4    requested inspection, and provide an executed copy of the attached Consent to Release, at the

5    offices of O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, California  94025 within

6    five (5) calender days of the date of service of this request.

7    ### DEFINITIONS AND INSTRUCTIONS

8    ### DEFINITIONS

9    The following definitions shall apply to each request for production of documents set forth

10    below:

11    1.    "COMMUNICATION(S)" shall mean and refer to, without limitation, any sort of

12    written or oral communication including, but not limited to, correspondence, notes, memos,

13    telephone calls, conversations, notes of conversations, interviews, facsimiles and e-mail.

14    2.    "COMPLAINT" shall mean and refer to RIYA's Complaint filed on January 24,

15    2008.

16    3.    The terms "DOCUMENT" or "DOCUMENTS" as used herein shall have the same

17    meaning as used in Federal Rule of Civil Procedure 34(a) and include ALL "writings" as defined

18    in Federal Rule of Evidence 1001 and shall also include in the broadest possible sense and

19    REFER, without limitation, to ALL written, printed, typed, photostatic, photographed, recorded,

20    or otherwise reproduced COMMUNICATIONS or representations of EVERY kind and

21    description, whether comprised of letters, words, numbers, pictures, sounds or symbols, or ANY

22    combination thereof, whether prepared by hand or by mechanical, electronic, magnetic,

23    photographic, or other means, as well as audio or video recordings of COMMUNICATIONS, oral

24    statements, conversations, or events.  This definition includes, but is not limited to, ANY and

25    ALL originals and non-identical copies of ANY and ALL of the following:  correspondence,

26    notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts,

27    agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports,

28    forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures,

2

1  advertisements, newspaper clippings, tables, tabulations, financial statements, working papers,

2  tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging materials, plans,

3  photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer

4  programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and

5  ALL other sources or formats from which data, information, or COMMUNICATIONS can be

6  obtained. ANY preliminary versions, drafts, or revisions of ANY of the foregoing, ANY

7  DOCUMENT which has or contains ANY attachment, enclosure, comment, notation, addition,

8  insertion, or marking of ANY kind which is not a part of another DOCUMENT, or ANY

9  DOCUMENT which does not contain a comment, notation, addition, insertion, or marking of

10  ANY kind which is part of another DOCUMENT, is to be considered a separate DOCUMENT.

11  DOCUMENT includes, but is not limited to, COMMUNICATIONS.

12      4.      "PERSON" or "PERSONS" shall refer to entities as well as natural persons.

13      5.      "RELATE TO," "RELATED TO," "RELATING TO," "REFER," "REFER TO,"

14  "REGARD," and "REGARDING" mean comprising, mentioning or describing, containing,

15  enumerating, involving or in ANY way concerning, pertaining or referring to, being connected

16  with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated

17  subject matter.

18      6.      "RIYA" shall mean and refer to plaintiff Riya, Inc., including any and all

19  predecessor entities and any and all subsidiaries and Like.com.

20      7.      "RIYA CONFIDENTIAL INFORMATION" shall mean ALL information that has

21  or could have commercial value or other utility in the business in which RIYA engages or in

22  which it is contemplating engaging, including, but not limited to, information concerning the

23  algorithms that Riya uses, agreements, budgets, business plans, communications, confidential

24  knowledge, copyrights, customer identities and characteristics, data, designs, devices, discoveries,

25  developments, documentation, drawings, employee skill and compensation information,

26  employee deliverables and solutions, formats, formulas, ideas, improvements, inventions,

27  intellectual property rights, know-how, licenses, lists of existing customers, lists of potential

28  customers, other lists, marketing and sales materials and plans, memoranda, methods,

3

EXPEDITED REQUEST FOR<br/>DOCUMENT PRODUCTION

1   modifications, new products, notes, plans and proposals, prices and costs, pricing strategies,

2   processes, products, programs, projections, projects, proposals, records, reports, research or

3   development, roadmaps, secrets, selling information, supplier identities and characteristics,

4   sketches, software programs, source and object codes, specifications, strategies, suppliers,

5   systems, techniques, test results, trade secrets, unpublished financial information, and works of

6   authorship.

7       8.      "YOU" and "YOUR" shall mean and refer to plaintiff Deborah Beth Kirsch and all

8   her representatives, agents, attorneys, and any other person(s) acting on her behalf.

9       9.      The words "and" and "or" are used in their broadest sense and mean "and/or."

10      10.     The singular shall be deemed to include the plural and vice versa so as to bring

11  within the scope of this request all DOCUMENTS which might otherwise be construed to be

12  outside its scope.

13                          **INSTRUCTIONS**

14      The following instructions shall apply to each request for production of documents set

15  forth below:

16      1.      In the event that YOU seek to withhold any DOCUMENT on the basis that YOU

17  believe it is entitled to some privilege or other limitation on the scope of permitted discovery,

18  please supply counsel for Defendants with a numerical log or other listing of all DOCUMENTS

19  for which such a privilege or limitation is claimed, indicating:

20              a.  The name of each author, writer, sender, or initiator of such DOCUMENT,

21                  if any;

22              b.  The name of each recipient, addressee, or party for whom such

23                  DOCUMENT was intended, if any;

24              c.  The date of such DOCUMENT, if any, or an estimate thereof and so

25                  indicate as an estimate if no date appears on said DOCUMENT;

26              d.  The general subject matter as described on such DOCUMENT, or, if no

27                  such description appears, then such other description sufficient to identify

28                  said DOCUMENT; and

                                4                      EXPEDITED REQUEST FOR
                                                       DOCUMENT PRODUCTION

1              e.   The claimed grounds for withholding said DOCUMENT from production

2                   (e.g., "attorney-client privilege").

3      2.     If any DOCUMENT cannot be produced because it no longer exists or for any

4  other reason, please supply counsel for Defendants with a numerical log or other listing of all

5  such DOCUMENTS, indicating:

6               a.   The name of each author, writer, sender, or initiator of such DOCUMENT,

7                   if any;

8               b.   The name of each recipient, addressee, or party for whom such

9                   DOCUMENT was intended, if any;

10              c.   The date or estimated date of each such DOCUMENT;

11              d.   The general subject matter of each such DOCUMENT; and

12              e.   The reason or reasons why each such DOCUMENT is not to be produced.

13     3.     If a DOCUMENT has been prepared in several copies that are not identical, or if

14  additional copies have been made that are no longer identical, or if original identical copies are no

15  longer identical by reason of subsequent notation or other modification of any kind whatsoever,

16  including, but not limited to notations on the front or back of pages thereto, each nonidentical

17  copy is a separate document and must be produced.

18     4.     Any electronic data produced shall be presented in a searchable format, with

19  metadata.

20     5.     Unless otherwise indicated, these document requests relate to the time period

21  September 1, 2006, to the present. The documents to be produced are all documents relating to

22  the aforesaid period, whether or not such documents were prepared, sent, dated, received, in

23  effect, or otherwise came into existence during that period.

24     6.     You do not need to produce in response to any of the requests, copies of your

25  personal copies of records relating to your compensation.

26

27

28

1    **<u>DOCUMENTS TO BE PRODCUED</u>**

2    **REQUEST FOR PRODUCTION NO. 1:**

3         All DOCUMENTS in YOUR possession, custody AND/OR control that YOU took from

4    RIYA.

5    **REQUEST FOR PRODUCTION NO. 2:**

6         All DOCUMENTS in YOUR possession, custody AND/OR control that YOU received

7    from RIYA and did not return to RIYA upon YOUR termination of employment with RIYA.

8    **REQUEST FOR PRODUCTION NO. 3:**

9         All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO

10   RIYA, including, but not limited to, RIYA's CONFIDENTIAL INFORMATION.

11   **REQUEST FOR PRODUCTION NO. 4:**

12        All DOCUMENTS RELATING TO YOUR employment with RIYA.

13   **REQUEST FOR PRODUCTION NO. 5:**

14        Produce for inspection and imaging all electronic devices, including but not limited to, all

15   computers, hard disk drives, removable storage devices (*e.g.* thumb drives), CDs, DVDs, PDA's,

16   cell phones, blackberries and all other similar electronic storage devices belonging to, under the

17   control of, accessible to, or operated by YOU and all persons AND/OR entities acting on YOUR

18   behalf, for YOUR benefit, or in active concert or participation with YOU RELATING TO RIYA

19   to verify the use, access, disclosure, printing, copying and return of RIYA property including, but

20   not limited to, all of RIYA's CONFIDENTIAL INFORMATION.

21   **REQUEST FOR PRODUCTION NO. 6:**

22        All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO

23   COMMUNICATIONS between YOU and anyone RELATING TO RIYA's CONFIDENTIAL

24   INFORMATION.

25   **REQUEST FOR PRODUCTION NO. 7:**

26        All DOCUMENTS, including all COMMUNICATIONS, in YOUR possession, custody

27   AND/OR control RELATING TO RIYA that YOU shared, disclosed, provided AND/OR

28   distributed to anyone outside of RIYA.

1  **REQUEST FOR PRODUCTION NO. 8:**

2      All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO any

3  RIYA merchant account or potential merchant account that YOU serviced in any capacity,

4  including marketing and sales, that YOU have COMMUNICATED with since December 20,

5  2007.

6  **REQUEST FOR PRODUCTION NO. 9:**

7      All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO

8  RIYA's agreements, contracts, pricing, communications AND/OR discussions regarding any

9  transactions (or the terms of any transactions) with any of RIYA's merchant customers AND/OR

10  potential merchant customers, including but not limited to all agreements, contracts,

11  correspondence, pricing, contracts AND/OR DOCUMENTS that you provided to such customers,

12  potential customers or any other person or entity since December 20, 2007.

13  **REQUEST FOR PRODUCTION NO. 10:**

14      All DOCUMENTS that evidence, constitute or RELATE TO all emails sent from YOUR

15  RIYA email account to any offsite email account, whether to YOUR account or another person's

16  account, *e.g.* any personal Yahoo!, hot mail or gmail account, RELATING TO RIYA's

17  CONFIDENTIAL INFORMATION.

18  **REQUEST FOR PRODUCTION NO. 11:**

19      All DOCUMENTS that evidence, constitute or RELATE TO all instant messages that

20  YOU sent from or received at YOUR RIYA computer, any home computer AND/OR any other

21  computer, that RELATE TO or discuss RIYA, including but not limited to all RIYA

22  CONFIDENTIAL INFORMATION.

23  **REQUEST FOR PRODUCTION NO. 12:**

24      All DOCUMENTS in YOUR personal and/or work email account(s) RELATING TO

25  RIYA, including but not limited to DOCUMENTS RELATING TO RIYA's CONFIDENTIAL

26  INFORMATION and RIYA's merchant customers or potential merchant customers.

27  **REQUEST FOR PRODUCTION NO. 13:**

28      Execute the attached Consent to Release Information (Exhibit A hereto).

EXPEDITED REQUEST FOR
DOCUMENT PRODUCTION

**REQUEST FOR PRODUCTION NO. 14:**

All or YOUR telephone bills, including all home telephone numbers and cellular telephone numbers that evidence calls made from December 1, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All resumes and cover letters that YOU created or that were created on YOUR behalf, including all drafts, from October 1, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING to any offer of employment, employment agreement or consulting agreement that you have received or entered into with any person or entity since October 1, 2007 through the present.


Dated: January 24, 2008

                                    ERIC J. AMDURSKY
                                    LORI E. ROMLEY
                                    JUSTIN D. WALKER
                                    O'MELVENY & MYERS LLP


                                    By:_____
                                              Lori E. Romley

                                    Attorneys for Plaintiff
                                    RIYA, INC.

                                    EXPEDITED REQUEST FOR
                                    DOCUMENT PRODUCTION

# EXHIBIT G

ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone:      (650) 473-2600
Facsimile:      (650) 473-2601
Email: eamdursky@omm.com
        lromley@omm.com
        jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RIYA, INC., a California Corporation | Case No. |
| Plaintiff, | **NOTICE OF EXPEDITED DEPOSITION OF DEBORAH BETH KIRSCH** |
| v. | |
| DEBORAH BETH KIRSCH, | |
| Defendant. | |

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure and the Court's order permitting expedited discovery, plaintiff Riya, Inc. ("Riya") will

4    take the deposition of defendant Deborah Beth Kirsch ("Kirsch") within seven (7) calendar days

5    of the date of service of this deposition notice, beginning at 10:00 a.m., at O'Melveny & Myers

6    LLP, 2765 Sand Hill Road, Menlo Park, California, 94025, and shall continue day to day, or as

7    agreed to by counsel or ordered by the Court.  Kirsch's deposition will be taken before a certified

8    shorthand reporter, notary public, or other officer authorized to administer oaths in the State of

9    California, without waiver of Riya's rights to take a further deposition of Kirsch after the OSC for

10   preliminary injunction.

11       **PLEASE TAKE FURTHER NOTICE** that the deposing party intends to cause the

12   proceedings to be recorded stenographically, by videotape and instant visual display.

13       Dated: January 24, 2008

14                                ERIC J. AMDURSKY
LORI E. ROMLEY

15                                JUSTIN D. WALKER
O'MELVENY & MYERS LLP

16

17                                By:_____

18                                       Lori E. Romley

19                                Attorneys for Plaintiff
RIYA INC.

20

21   MP1:1012705.1

22

23

24

25

26

27

28

# EXHIBIT H

1   ERIC J. AMDURSKY (S.B. #180288)
2   LORI E. ROMLEY (S.B. #148447)
    JUSTIN D. WALKER (S.B. #252268)
3   O'MELVENY & MYERS LLP
    2765 Sand Hill Road
    Menlo Park, CA 94025
4   Telephone:    (650) 473-2600
    Facsimile:    (650) 473-2601
5   Email: eamdursky@omm.com
           lromley@omm.com
6          jwalker@omm.com

7   Attorneys for Plaintiff
    RIYA, INC.
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   RIYA, INC., a California Corporation      Case No.

14                     Plaintiff,              **NOTICE OF EXPITED DEPOSITION OF
                                               DAVID LEWIS, WITH ATTACHED
15        v.                                   SUBPOENA AND REQUEST FOR
                                               PRODUCTION OF DOCUMENTS**
16   DEBORAH BETH KIRSCH,

17                     Defendant.

18

19

20

21

22

23

24

25

26

27

28

                                               LEWIS DEPOSITION NOTICE

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 30 and 45,

3  and the Court's order permitting expedited discovery, plaintiff Riya, Inc. will take the deposition

4  of third party David Lewis within seven (7) calendar days of the date of service of this deposition

5  notice at O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071-2899,

6  commencing at 10:00 a.m. and continuing from day to day thereafter, or as agreed by counsel or

7  ordered by the Court. Lewis's deposition will be taken before a certified shorthand reporter,

8  notary public, or other officer authorized to administer oaths in the State of California, without

9  waiver of Riya's rights to take a further deposition of Lewis after the OSC for preliminary

10  injunction. Lewis is not a party to this action. So far as is known to Riya, Lewis's business

11  address is as follows: 9854 National Boulevard, Suite 107, Los Angeles, CA 90034. Lewis has

12  been served with a Deposition Subpoena, with attached requests for document production, a copy

13  of which is attached hereto as Exhibit A and served herewith.

14       **PLEASE TAKE FURTHER NOTICE** that the deposing party intends to cause the

15  proceedings to be recorded stenographically, by videotape and instant visual display.

16       Dated: January 24, 2008

17                                    ERIC J. AMDURSKY
                                     LORI E. ROMLEY
18                                   JUSTIN D. WALKER
                                     O'MELVENY & MYERS LLP

19

20                                   By:_____
                                          Lori E. Romley
21

22                                   Attorneys for Plaintiff
                                     RIYA INC.
23

24  MP1:1012611.1

25

26

27

28

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Riya, Inc., Plaintiff | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Deborah Beth Kirsch, Defendant | Case Number:[1] |

TO:    David Lewis
       9854 National Boulevard, Suite 107
       Los Angeles, CA 90034

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071-2899; On or before 7 days after service of this Subpoena, TBD | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   SEE ATTACHMENT A.

| PLACE    O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071-2899 On or before 7 days after service of this Subpoena, TBD | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 1/24/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

   Lori E. Romley, O'Melveny & Myers, 2765 Sand Hill Road, Menlo Park, CA 94025, 650-473-2600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A - DOCUMENT REQUESTS

## DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

The following definitions shall apply to each request for production of documents set forth below:

1.    "COMMUNICATION(S)" shall mean and refer to, without limitation, any sort of written or oral communication including, but not limited to, correspondence, notes, memos, telephone calls, conversations, notes of conversations, interviews, facsimiles and e-mail.

2.    The terms "DOCUMENT" or "DOCUMENTS" as used herein shall have the same meaning as used in Federal Rule of Civil Procedure 34(a) and include ALL "writings" as defined in Federal Rule of Evidence 1001 and shall also include in the broadest possible sense and REFER, without limitation, to ALL written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced COMMUNICATIONS or representations of EVERY kind and description, whether comprised of letters, words, numbers, pictures, sounds or symbols, or ANY combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of COMMUNICATIONS, oral statements, conversations, or events.  This definition includes emails and instant messages, and includes, but is not limited to, ANY and ALL originals and non-identical copies of ANY and ALL of the following:  correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and ALL other sources or formats from which data, information, or COMMUNICATIONS can be obtained.  ANY preliminary versions, drafts, or revisions of ANY of the foregoing, ANY DOCUMENT which has or contains ANY attachment, enclosure,

comment, notation, addition, insertion, or marking of ANY kind which is not a part of another

DOCUMENT, or ANY DOCUMENT which does not contain a comment, notation, addition,

insertion, or marking of ANY kind which is part of another DOCUMENT, is to be considered a

separate DOCUMENT.  DOCUMENT includes, but is not limited to, COMMUNICATIONS.

3.    "KIRSCH" shall refer to the plaintiff, Deborah Beth Kirsch and anyone acting or

purporting to act on her behalf.

4.    "PERSON" or "PERSONS" shall refer to entities as well as natural persons.

5.    "RELATE TO," "RELATED TO," "RELATING TO," "REFER," "REFER TO,"

"REGARD," and "REGARDING" mean comprising, mentioning or describing, containing,

enumerating, involving or in ANY way concerning, pertaining or referring to, being connected

with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated

subject matter.

6.    "RIYA" shall mean and refer to plaintiff Riya, Inc., including any and all

predecessor entities and any and all subsidiaries and Like.com.

7.    "RIYA CONFIDENTIAL INFORMATION" shall mean ALL information that has

or could have commercial value or other utility in the business in which RIYA engages or in

which it is contemplating engaging, including, but not limited to, information concerning the

algorithms that Riya uses, agreements, budgets, business plans, communications, confidential

knowledge, copyrights, customer identities and characteristics, data, designs, devices, discoveries,

developments, documentation, drawings, employee skill and compensation information,

employee deliverables and solutions, formats, formulas, ideas, improvements, inventions,

intellectual property rights, know-how, licenses, lists of existing customers, lists of potential

customers, other lists, marketing and sales materials and plans, memoranda, methods,

modifications, new products, notes, plans and proposals, prices and costs, pricing strategies,

processes, products, programs, projections, projects, proposals, records, reports, research or

development, roadmaps, secrets, selling information, supplier identities and characteristics,

sketches, software programs, source and object codes, specifications, strategies, suppliers,

systems, techniques, test results, trade secrets, unpublished financial information, and works of

1    authorship.

2        8.      "YOU" and "YOUR" shall mean and refer to David Lewis and all his

3    representatives, agents, attorneys, and any other person(s) acting on his behalf.

4        9.      The words "and" and "or" are used in their broadest sense and mean "and/or."

5        10.     The singular shall be deemed to include the plural and vice versa so as to bring

6    within the scope of this request all DOCUMENTS which might otherwise be construed to be

7    outside its scope.

8                                   **INSTRUCTIONS**

9

10       The following instructions shall apply to each request for production of documents set

11   forth below:

12       1.      In the event that YOU seek to withhold any DOCUMENT on the basis that YOU

13   believe it is entitled to some privilege or other limitation on the scope of permitted discovery,

14   please supply counsel for Defendants with a numerical log or other listing of all DOCUMENTS

15   for which such a privilege or limitation is claimed, indicating:

16               a.   The name of each author, writer, sender, or initiator of such DOCUMENT,

17                    if any;

18               b.   The name of each recipient, addressee, or party for whom such

19                    DOCUMENT was intended, if any;

20               c.   The date of such DOCUMENT, if any, or an estimate thereof and so

21                    indicate as an estimate if no date appears on said DOCUMENT;

22               d.   The general subject matter as described on such DOCUMENT, or, if no

23                    such description appears, then such other description sufficient to identify

24                    said DOCUMENT; and

25               e.   The claimed grounds for withholding said DOCUMENT from production

26                    (e.g., "attorney-client privilege").

27       2.      If any DOCUMENT cannot be produced because it no longer exists or for any

28   other reason, please supply counsel for Defendants with a numerical log or other listing of all

                                        3                    EXPEDITED REQUEST FOR
                                                             DOCUMENT PRODUCTION

1   such DOCUMENTS, indicating:

2           a.  The name of each author, writer, sender, or initiator of such DOCUMENT,

3               if any;

4           b.  The name of each recipient, addressee, or party for whom such

5               DOCUMENT was intended, if any;

6           c.  The date or estimated date of each such DOCUMENT;

7           d.  The general subject matter of each such DOCUMENT; and

8           e.  The reason or reasons why each such DOCUMENT is not to be produced.

9       3.      If a DOCUMENT has been prepared in several copies that are not identical, or if

10  additional copies have been made that are no longer identical, or if original identical copies are no

11  longer identical by reason of subsequent notation or other modification of any kind whatsoever,

12  including, but not limited to notations on the front or back of pages thereto, each nonidentical

13  copy is a separate document and must be produced.

14      4.      Any electronic data produced shall be presented in a searchable format, with

15  metadata.

16      5.      Unless otherwise indicated, these document requests relate to the time period

17  September 1, 2006, to the present.  The documents to be produced are all documents relating to

18  the aforesaid period, whether or not such documents were prepared, sent, dated, received, in

19  effect, or otherwise came into existence during that period.

20                      **DOCUMENTS TO BE PRODCUED**

21  **REQUEST FOR PRODUCTION NO. 1:**

22      All DOCUMENTS in YOUR possession, custody AND/OR control that YOU received

23  from KIRSCH, including but not limited to any DOCUMENTS RELATING TO RIYA's

24  CONFIDENTIAL INFORMATION or any offer of employment, employment agreement or

25  consulting agreement entered into or proposed to be entered into by KIRSCH and any entity or

26  business owned, operated or managed by YOU.

27

28

4                       EXPEDITED REQUEST FOR
                        DOCUMENT PRODUCTION

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS in YOUR possession, custody AND/OR control that YOU sent to KIRSCH RELATING TO RIYA, including but not limited to RIYA's CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 3:**

Produce for inspection and imaging all electronic devices, including but not limited to, all computers, hard disk drives, removable storage devices (*e.g.* thumb drives), CDs, DVDs, PDA's, cell phones, blackberries and all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by YOU and all persons AND/OR entities acting on YOUR behalf, for YOUR benefit, or in active concert or participation with YOU RELATING TO RIYA to verify the use, access, disclosure, printing, copying and return of RIYA property including, but not limited to, all of RIYA's CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO COMMUNICATIONS between YOU and anyone, including but not limited to KIRSCH, RELATING TO RIYA's CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS in YOUR possession, custody AND/OR control that incorporate in whole or in part any RIYA CONFIDENTIAL INFORMATION, or that summarize, set forth, explain, AND/OR discuss RIYA CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including all COMMUNICATIONS, in YOUR possession, custody AND/OR control RELATING TO RIYA, including but not limited to RIYA's CONFIDENTIAL INFORMATION, that YOU shared, disclosed, provided AND/OR distributed to anyone.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO RIYA's agreements, contracts, pricing, communications AND/OR transactions (including any terms of transactions) with any of RIYA's merchant customers AND/OR potential merchant

5                    EXPEDITED REQUEST FOR
                     DOCUMENT PRODUCTION

1    customers, including but not limited to all correspondence, agreements, pricing, and contracts,

2    AND/OR DOCUMENTS that you provided to such customers, potential customers or any other

3    third party.

4    **REQUEST FOR PRODUCTION NO. 8:**

5        All DOCUMENTS that evidence, constitute and or RELATE TO all emails sent from or

6    to YOUR email accounts, whether a personal account, *e.g.* any personal Yahoo!, hot mail or

7    gmail account, or a work account, RELATING TO RIYA's CONFIDENTIAL INFORMATION.

8    **REQUEST FOR PRODUCTION NO. 9:**

9        All DOCUMENTS that evidence, constitute and or RELATE TO all instant messages that

10   YOU sent from or received at any computer, including YOUR home computer(s) and work

11   computer(s), that RELATE TO or discuss RIYA, including but not limited to all RIYA

12   CONFIDENTIAL INFORMATION.

13   **REQUEST FOR PRODUCTION NO. 10:**

14       Execute the attached Consent to Release Information (Exhibit B to the Subpoena).

15   **REQUEST FOR PRODUCTION NO. 11:**

16       All of YOUR telephone bills, including all home telephone numbers and cellular

17   telephone numbers that evidence calls made from December 1, 2007 to the present.

18       Dated: January 24, 2008

19                             ERIC J. AMDURSKY
LORI E. ROMLEY
20                             JUSTIN D. WALKER
O'MELVENY & MYERS LLP
21

22

23                   By:_____
                     Lori E. Romley

24

25                   Attorneys for Plaintiff
                RIYA INC.

26

27

28

                         6                    EXPEDITED REQUEST FOR
                                            DOCUMENT PRODUCTION

**EXHIBIT B - CONSENT TO RELEASE INFORMATION**

I, David Lewis, the account holder of the following email account

_____ (the "Account"), understand that the contents of the Account are now

being sought in connection with a dispute involving Riya, Inc. I hereby grant my consent to

authorize Riya, Inc., by and through its counsel, O'Melveny & Myers LLP, c/o Lori E. Romley,

2765 Sand Hill Road, Menlo Park, California, 94025, (650) 473-2600, to receive, review, copy

and otherwise obtain access to all information dated September 1, 2006 to the present contained

in the Account, including but not limited to all emails and all instant messages. Pursuant to this

Consent to Release, I hereby request that the contents of the Account be released to Riya, Inc.,

through its counsel identified above. I further expressly agree to execute any other documents

necessary to effect the release of the contents of the Account.

In connection with this Consent to Release, I do hereby agree to hold harmless and do

forever hold harmless the provider of the Account for their disclosure of this information and do

forever waive on my behalf, and on behalf of my heirs and assigns, all claims resulting from the

disclosure of this information pursuant to this Consent to Release.


_____          Date: _____
David Lewis


STATE OF CALIFORNIA

County of _____

On _____, before me, _____, David Lewis, who proved to me based

on satisfactory evidence to be the person whose name is subscribed to the within instrument and

acknowledged to me that she executed the same in her authorized capacity and that by her

signature on the instrument, the person executed the instrument. I certify under the laws of the

United States of America that the foregoing paragraph is true and correct.


_____
Signature of Notary

MP1:1012706.2

7

# EXHIBIT I

ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone:    (650) 473-2600
Facsimile:    (650) 473-2601
Email: eamdursky@omm.com
        lromley@omm.com
        jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RIYA, INC., a California Corporation | Case No. |
| Plaintiff, | **NOTICE OF DEPOSITION OF AIMEN BARMA AND ATTACHED SUBPOENA WITH REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| DEBORAH BETH KIRSCH, | |
| Defendant. | |

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

Riya, Inc., Plaintiff

V.

Deborah Beth Kirsch, Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:  Aimen Barma
17 Yerba Buena Avenue,
Los Altos, CA 94022

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94025-7019; On or before 7 days after service of this Subpoena, TBD | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94025-7019; On or before 7 days after service of this Subpoena, TBD | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 1/24/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lori E. Romley, O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94925 650-473-2685

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A - DOCUMENT REQUESTS

## DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

The following definitions shall apply to each request for production of documents set forth below:

1. "COMMUNICATION(S)" shall mean and refer to, without limitation, any sort of written or oral communication including, but not limited to, correspondence, notes, memos, telephone calls, conversations, notes of conversations, interviews, facsimiles and e-mail.

2. The terms "DOCUMENT" or "DOCUMENTS" as used herein shall have the same meaning as used in Federal Rule of Civil Procedure 34(a) and include ALL "writings" as defined in Federal Rule of Evidence 1001 and shall also include in the broadest possible sense and REFER, without limitation, to ALL written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced COMMUNICATIONS or representations of EVERY kind and description, whether comprised of letters, words, numbers, pictures, sounds or symbols, or ANY combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of COMMUNICATIONS, oral statements, conversations, or events. This definition includes emails and instant messages, and includes, but is not limited to, ANY and ALL originals and non-identical copies of ANY and ALL of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and ALL other sources or formats from which data, information, or COMMUNICATIONS can be obtained. ANY preliminary versions, drafts, or revisions of ANY of the foregoing, ANY DOCUMENT which has or contains ANY attachment, enclosure,

EXPEDITED REQUEST FOR
DOCUMENT PRODUCTION

1    comment, notation, addition, insertion, or marking of ANY kind which is not a part of another

2    DOCUMENT, or ANY DOCUMENT which does not contain a comment, notation, addition,

3    insertion, or marking of ANY kind which is part of another DOCUMENT, is to be considered a

4    separate DOCUMENT.  DOCUMENT includes, but is not limited to, COMMUNICATIONS.

5        3.    "KIRSCH" shall refer to the plaintiff, Deborah Beth Kirsch and anyone acting or

6    purporting to act on her behalf.

7        4.    "PERSON" or "PERSONS" shall refer to entities as well as natural persons.

8        5.    "RELATE TO," "RELATED TO," "RELATING TO," "REFER," "REFER TO,"

9    "REGARD," and "REGARDING" mean comprising, mentioning or describing, containing,

10   enumerating, involving or in ANY way concerning, pertaining or referring to, being connected

11   with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated

12   subject matter.

13       6.    "RIYA" shall mean and refer to plaintiff Riya, Inc., including any and all

14   predecessor entities and any and all subsidiaries and Like.com.

15       7.    "RIYA CONFIDENTIAL INFORMATION" shall mean ALL information that has

16   or could have commercial value or other utility in the business in which RIYA engages or in

17   which it is contemplating engaging, including, but not limited to, information concerning the

18   algorithms that Riya uses, agreements, budgets, business plans, communications, confidential

19   knowledge, copyrights, customer identities and characteristics, data, designs, devices, discoveries,

20   developments, documentation, drawings, employee skill and compensation information,

21   employee deliverables and solutions, formats, formulas, ideas, improvements, inventions,

22   intellectual property rights, know-how, licenses, lists of existing customers, lists of potential

23   customers, other lists, marketing and sales materials and plans, memoranda, methods,

24   modifications, new products, notes, plans and proposals, prices and costs, pricing strategies,

25   processes, products, programs, projections, projects, proposals, records, reports, research or

26   development, roadmaps, secrets, selling information, supplier identities and characteristics,

27   sketches, software programs, source and object codes, specifications, strategies, suppliers,

28   systems, techniques, test results, trade secrets, unpublished financial information, and works of

EXPEDITED REQUEST FOR
DOCUMENT PRODUCTION

1    authorship.

2    8.    "YOU" and "YOUR" shall mean and refer to David Lewis and all his

3    representatives, agents, attorneys, and any other person(s) acting on his behalf.

4    9.    The words "and" and "or" are used in their broadest sense and mean "and/or."

5    10.    The singular shall be deemed to include the plural and vice versa so as to bring

6    within the scope of this request all DOCUMENTS which might otherwise be construed to be

7    outside its scope.

8    **INSTRUCTIONS**

9

10    The following instructions shall apply to each request for production of documents set

11    forth below:

12    1.    In the event that YOU seek to withhold any DOCUMENT on the basis that YOU

13    believe it is entitled to some privilege or other limitation on the scope of permitted discovery,

14    please supply counsel for Defendants with a numerical log or other listing of all DOCUMENTS

15    for which such a privilege or limitation is claimed, indicating:

16    a.    The name of each author, writer, sender, or initiator of such DOCUMENT,

17    if any;

18    b.    The name of each recipient, addressee, or party for whom such

19    DOCUMENT was intended, if any;

20    c.    The date of such DOCUMENT, if any, or an estimate thereof and so

21    indicate as an estimate if no date appears on said DOCUMENT;

22    d.    The general subject matter as described on such DOCUMENT, or, if no

23    such description appears, then such other description sufficient to identify

24    said DOCUMENT; and

25    e.    The claimed grounds for withholding said DOCUMENT from production

26    (e.g., "attorney-client privilege").

27    2.    If any DOCUMENT cannot be produced because it no longer exists or for any

28    other reason, please supply counsel for Defendants with a numerical log or other listing of all

3

EXPEDITED REQUEST FOR
DOCUMENT PRODUCTION

1    KIRSCH RELATING TO RIYA, including but not limited to RIYA's CONFIDENTIAL

2    INFORMATION.

3    **REQUEST FOR PRODUCTION NO. 3:**

4         Produce for inspection and imaging all electronic devices, including but not limited to, all

5    computers, hard disk drives, removable storage devices (*e.g.* thumb drives), CDs, DVDs, PDA's,

6    cell phones, blackberries and all other similar electronic storage devices belonging to, under the

7    control of, accessible to, or operated by YOU and all persons AND/OR entities acting on YOUR

8    behalf, for YOUR benefit, or in active concert or participation with YOU RELATING TO RIYA

9    to verify the use, access, disclosure, printing, copying and return of RIYA property including, but

10    not limited to, all of RIYA's CONFIDENTIAL INFORMATION.

11    **REQUEST FOR PRODUCTION NO. 4:**

12         All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO

13    COMMUNICATIONS between YOU and anyone, including but not limited to KIRSCH,

14    RELATING TO RIYA's CONFIDENTIAL INFORMATION.

15    **REQUEST FOR PRODUCTION NO. 5:**

16         All DOCUMENTS in YOUR possession, custody AND/OR control that incorporate in

17    whole or in part any RIYA CONFIDENTIAL INFORMATION, or that summarize, set forth,

18    explain, AND/OR discuss RIYA CONFIDENTIAL INFORMATION.

19    **REQUEST FOR PRODUCTION NO. 6:**

20         All DOCUMENTS, including all COMMUNICATIONS, in YOUR possession, custody

21    AND/OR control RELATING TO RIYA, including but not limited to RIYA's CONFIDENTIAL

22    INFORMATION, that YOU shared, disclosed, provided AND/OR distributed to anyone.

23    **REQUEST FOR PRODUCTION NO. 7:**

24         All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO

25    RIYA's agreements, contracts, pricing, communications AND/OR transactions (including any

26    terms of transactions) with any of RIYA's merchant customers AND/OR potential merchant

27    customers, including but not limited to all correspondence, agreements, pricing, and contracts,

28    AND/OR DOCUMENTS that you provided to such customers, potential customers or any other

1  third party.

2  **REQUEST FOR PRODUCTION NO. 8:**

3      All DOCUMENTS that evidence, constitute or RELATE TO all emails sent from or to

4  YOUR email accounts, whether a personal account, *e.g.* any personal Yahoo!, hot mail or gmail

5  account, or a work account, RELATING TO RIYA's CONFIDENTIAL INFORMATION.

6  **REQUEST FOR PRODUCTION NO. 9:**

7      All DOCUMENTS that evidence, constitute or RELATE TO all instant messages that

8  YOU sent from or received at any computer, including YOUR home computer(s) and work

9  computer(s), that RELATE TO or discuss RIYA, including but not limited to all RIYA

10  CONFIDENTIAL INFORMATION.

11  **REQUEST FOR PRODUCTION NO. 10:**

12      Execute the attached Consent to Release Information (Exhibit B to the Subpoena).

13  **REQUEST FOR PRODUCTION NO. 3:**

14      All of YOUR telephone bills, including all home telephone numbers and cellular

15  telephone numbers that evidence calls made from December 1, 2007 to the present.

16

17

18

19

20

21

22

23

24

25

26

27

28

EXPEDITED REQUEST FOR
DOCUMENT PRODUCTION

**EXHIBIT B - CONSENT TO RELEASE INFORMATION**

1

2        I, Aimen Barma, the account holder of the following email account

3    _____ (the "Account"), understand that the contents of the Account are now

4    being sought in connection with a dispute involving Riya, Inc.  I hereby grant my consent to

5    authorize Riya, Inc., by and through its counsel, O'Melveny & Myers LLP, c/o Lori E. Romley,

6    2765 Sand Hill Road, Menlo Park, California, 94025, (650) 473-2600, to receive, review, copy

7    and otherwise obtain access to all information dated September 1, 2006 to the present contained

8    in the Account, including but not limited to all emails and all instant messages.  Pursuant to this

9    Consent to Release, I hereby request that the contents of the Account be released to Riya, Inc.,

10    through its counsel identified above.  I further expressly agree to execute any other documents

11    necessary to effect the release of the contents of the Account.

12        In connection with this Consent to Release, I do hereby agree to hold harmless and do

13    forever hold harmless the provider of the Account for their disclosure of this information and do

14    forever waive on my behalf, and on behalf of my heirs and assigns, all claims resulting from the

15    disclosure of this information pursuant to this Consent to Release.

16

17    _____        Date: _____
            Aimen Barma

18

19    STATE OF CALIFORNIA

20    County of _____

21    On _____, before me, _____, Aimen Barma, who proved to me based

22    on satisfactory evidence to be the person whose name is subscribed to the within instrument and

23    acknowledged to me that she executed the same in her authorized capacity and that by her

24    signature on the instrument, the person executed the instrument.  I certify under the laws of the

25    United States of America that the foregoing paragraph is true and correct.

26

27    _____
                        Signature of Notary

MP1:1012751.1

28

7                    EXPEDITED REQUEST FOR
                     DOCUMENT PRODUCTION

# EXHIBIT J

ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone:    (650) 473-2600
Facsimile:    (650) 473-2601
Email: eamdursky@omm.com
        lromley@omm.com
        jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RIYA, INC., a California Corporation | Case No. |
| Plaintiff, | **NOTICE OF DEPOSITION OF 77BLUE, LLC AND ATTACHED SUBPOENA WITH REQUEST FOR PRODUCTION OF DOCUMENTS AND TESTIMONY CATEGORIES** |
| v. | |
| DEBORAH BETH KIRSCH, | |
| Defendant. | |

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 30 and 45,

3    and the Court's order permitting expedited discovery, plaintiff Riya, Inc. will take the deposition

4    of third party 77Blue, LLC within seven (7) calendar days of the date of service of this deposition

5    notice at O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071-2899,

6    commencing at 10:00 a.m. and continuing from day to day thereafter, or as agreed by counsel or

7    ordered by the Court. 77Blue's deposition will be taken before a certified shorthand reporter,

8    notary public, or other officer authorized to administer oaths in the State of California, without

9    waiver of Riya's rights to take a further deposition of 77Blue after the OSC for preliminary

10   injunction. 77Blue is not a party to this action. So far as is known to Riya, 77Blue's business

11   address is as follows: 9854 National Blvd., Suite 107, Los Angeles, CA 90034. 77Blue has been

12   served with a Deposition Subpoena, with attached requests for document production and attached

13   Testimony Categories, a copy of which is attached hereto and served herewith.

14       **PLEASE TAKE FURTHER NOTICE** that the deposing party intends to cause the

15   proceedings to be recorded stenographically, by videotape and instant visual display.

16       Dated: January 24, 2008

17                                ERIC J. AMDURSKY
                                  LORI E. ROMLEY
18                                JUSTIN D. WALKER
                                  O'MELVENY & MYERS LLP

19

20                                By:_____
21                                        Lori E. Romley

22                                Attorneys for Plaintiff
                                  RIYA, INC.

23

24   MP1:1012923.1

25

26

27

28

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Riya, Inc., Plaintiff

V.

Deborah Beth Kirsch, Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:    77Blue, LLC
       9854 National Blvd., Suite 107
       Los Angeles, CA 90034

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071-2899; On or before 7 days after service of this subpoena, TBD | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE    O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071-2899;  On or before 7 days after service of this subpoena, TBD | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 1/24/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

   Lori E. Romley, O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94925 650-473-2685

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                        SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1      **ATTACHMENT A - DOCUMENT REQUESTS**

2      **DEFINITIONS AND INSTRUCTIONS**

3      **DEFINITIONS FOR DOCUMENT REQUESTS AND TESTIMONY CATEGORIES**

4           The following definitions shall apply to each request for production of documents set forth

5      below:

6           1.     "COMMUNICATION(S)" shall mean and refer to, without limitation, any sort of

7      written or oral communication including, but not limited to, correspondence, notes, memos,

8      telephone calls, conversations, notes of conversations, interviews, facsimiles and e-mail.

9           2.     The terms "DOCUMENT" or "DOCUMENTS" as used herein shall have the same

10     meaning as used in Federal Rule of Civil Procedure 34(a) and include ALL "writings" as defined

11     in Federal Rule of Evidence 1001 and shall also include in the broadest possible sense and

12     REFER, without limitation, to ALL written, printed, typed, photostatic, photographed, recorded,

13     or otherwise reproduced COMMUNICATIONS or representations of EVERY kind and

14     description, whether comprised of letters, words, numbers, pictures, sounds or symbols, or ANY

15     combination thereof, whether prepared by hand or by mechanical, electronic, magnetic,

16     photographic, or other means, as well as audio or video recordings of COMMUNICATIONS, oral

17     statements, conversations, or events.  This definition includes emails and instant messages, and

18     includes, but is not limited to, ANY and ALL originals and non-identical copies of ANY and

19     ALL of the following:  correspondence, notes, minutes, records, messages, memoranda, telephone

20     memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills,

21     statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses,

22     pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial

23     statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels,

24     packaging materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-

25     readable data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes,

26     transcripts, recordings, and ALL other sources or formats from which data, information, or

27     COMMUNICATIONS can be obtained.  ANY preliminary versions, drafts, or revisions of ANY

28     of the foregoing, ANY DOCUMENT which has or contains ANY attachment, enclosure,

comment, notation, addition, insertion, or marking of ANY kind which is not a part of another DOCUMENT, or ANY DOCUMENT which does not contain a comment, notation, addition, insertion, or marking of ANY kind which is part of another DOCUMENT, is to be considered a separate DOCUMENT.  DOCUMENT includes, but is not limited to, COMMUNICATIONS.

3.    "KIRSCH" shall refer to the plaintiff, Deborah Beth Kirsch and anyone acting or purporting to act on her behalf.

4.    "PERSON" or "PERSONS" shall refer to entities as well as natural persons.

5.    "RELATE TO," "RELATED TO," "RELATING TO," "REFER," "REFER TO," "REGARD," and "REGARDING" mean comprising, mentioning or describing, containing, enumerating, involving or in ANY way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

6.    "RIYA" shall mean and refer to plaintiff Riya, Inc., including any and all predecessor entities and any and all subsidiaries and Like.com.

7.    "RIYA CONFIDENTIAL INFORMATION" shall mean ALL information that has or could have commercial value or other utility in the business in which RIYA engages or in which it is contemplating engaging, including, but not limited to, information concerning the algorithms that Riya uses, agreements, budgets, business plans, communications, confidential knowledge, copyrights, customer identities and characteristics, data, designs, devices, discoveries, developments, documentation, drawings, employee skill and compensation information, employee deliverables and solutions, formats, formulas, ideas, improvements, inventions, intellectual property rights, know-how, licenses, lists of existing customers, lists of potential customers, other lists, marketing and sales materials and plans, memoranda, methods, modifications, new products, notes, plans and proposals, prices and costs, pricing strategies, processes, products, programs, projections, projects, proposals, records, reports, research or development, roadmaps, secrets, selling information, supplier identities and characteristics, sketches, software programs, source and object codes, specifications, strategies, suppliers, systems, techniques, test results, trade secrets, unpublished financial information, and works of

1    authorship.

2        8.      "YOU" and "YOUR" shall mean and refer to 77Blue, LLC and all its

3    representatives, agents, attorneys, and any other person(s) acting on his behalf.

4        9.      The words "and" and "or" are used in their broadest sense and mean "and/or."

5        10.     The singular shall be deemed to include the plural and vice versa so as to bring

6    within the scope of this request all DOCUMENTS which might otherwise be construed to be

7    outside its scope.

8                                    **INSTRUCTIONS**

9

10       The following instructions shall apply to each request for production of documents set

11   forth below:

12       1.      In the event that YOU seek to withhold any DOCUMENT on the basis that YOU

13   believe it is entitled to some privilege or other limitation on the scope of permitted discovery,

14   please supply counsel for Defendants with a numerical log or other listing of all DOCUMENTS

15   for which such a privilege or limitation is claimed, indicating:

16           a.   The name of each author, writer, sender, or initiator of such DOCUMENT,

17                if any;

18           b.   The name of each recipient, addressee, or party for whom such

19                DOCUMENT was intended, if any;

20           c.   The date of such DOCUMENT, if any, or an estimate thereof and so

21                indicate as an estimate if no date appears on said DOCUMENT;

22           d.   The general subject matter as described on such DOCUMENT, or, if no

23                such description appears, then such other description sufficient to identify

24                said DOCUMENT; and

25           e.   The claimed grounds for withholding said DOCUMENT from production

26                (e.g., "attorney-client privilege").

27       2.      If any DOCUMENT cannot be produced because it no longer exists or for any

28   other reason, please supply counsel for Defendants with a numerical log or other listing of all

1    such DOCUMENTS, indicating:

2        a.    The name of each author, writer, sender, or initiator of such DOCUMENT,

3            if any;

4        b.    The name of each recipient, addressee, or party for whom such

5            DOCUMENT was intended, if any;

6        c.    The date or estimated date of each such DOCUMENT;

7        d.    The general subject matter of each such DOCUMENT; and

8        e.    The reason or reasons why each such DOCUMENT is not to be produced.

9        3.    If a DOCUMENT has been prepared in several copies that are not identical, or if

10    additional copies have been made that are no longer identical, or if original identical copies are no

11    longer identical by reason of subsequent notation or other modification of any kind whatsoever,

12    including, but not limited to notations on the front or back of pages thereto, each nonidentical

13    copy is a separate document and must be produced.

14        4.    Any electronic data produced shall be presented in a searchable format, with

15    metadata.

16        5.    Unless otherwise indicated, these document requests relate to the time period

17    September 1, 2006, to the present. The documents to be produced are all documents relating to

18    the aforesaid period, whether or not such documents were prepared, sent, dated, received, in

19    effect, or otherwise came into existence during that period.

20                    **DOCUMENTS TO BE PRODCUED**

21    **REQUEST FOR PRODUCTION NO. 1:**

22        All DOCUMENTS in YOUR possession, custody AND/OR control that YOU received

23    from KIRSCH, including but not limited to any DOCUMENTS RELATING TO RIYA's

24    CONFIDENTIAL INFORMATION or any offer of employment, employment agreement or

25    consulting agreement entered into or proposed to be entered into by KIRSCH and any entity or

26    business owned, operated or managed by YOU.

27

28

                        4                    EXPEDITED DISCOVERY

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS in YOUR possession, custody AND/OR control that YOU sent to KIRSCH RELATING TO RIYA, including but not limited to RIYA's CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 3:**

Produce for inspection and imaging all electronic devices, including but not limited to, all computers, hard disk drives, removable storage devices (*e.g.* thumb drives), CDs, DVDs, PDA's, cell phones, blackberries and all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by YOU and all persons AND/OR entities acting on YOUR behalf, for YOUR benefit, or in active concert or participation with YOU RELATING TO RIYA to verify the use, access, disclosure, printing, copying and return of RIYA property including, but not limited to, all of RIYA's CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO COMMUNICATIONS between YOU and anyone, including but not limited to KIRSCH, RELATING TO RIYA's CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS in YOUR possession, custody AND/OR control that incorporate in whole or in part any RIYA CONFIDENTIAL INFORMATION, or that summarize, set forth, explain, AND/OR discuss RIYA CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including all COMMUNICATIONS, in YOUR possession, custody AND/OR control RELATING TO RIYA, including but not limited to RIYA's CONFIDENTIAL INFORMATION, that YOU shared, disclosed, provided AND/OR distributed to anyone.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS in YOUR possession, custody AND/OR control RELATING TO RIYA's agreements, contracts, pricing, communications AND/OR transactions (including any terms of transactions) with any of RIYA's merchant customers AND/OR potential merchant

1  customers, including but not limited to all correspondence, agreements, pricing, and contracts,

2  AND/OR DOCUMENTS that you provided to such customers, potential customers or any other

3  third party.

4  **REQUEST FOR PRODUCTION NO. 8:**

5     All DOCUMENTS that evidence, constitute or RELATE TO all emails sent from or to

6  YOUR email accounts, whether a personal account, *e.g.* any personal Yahoo!, hot mail or gmail

7  account, or a work account, RELATING TO RIYA's CONFIDENTIAL INFORMATION.

8  **REQUEST FOR PRODUCTION NO. 9:**

9     All DOCUMENTS that evidence, constitute or RELATE TO all instant messages that

10  YOU sent from or received at any computer, including YOUR home computer(s) and work

11  computer(s), that RELATE TO or discuss RIYA, including but not limited to all RIYA

12  CONFIDENTIAL INFORMATION.

13  **REQUEST FOR PRODUCTION NO. 10:**

14     Execute the attached Consent to Release Information (Exhibit B to the Subpoena).

15  **REQUEST FOR PRODUCTION NO. 3:**

16     All of YOUR telephone bills, including all home telephone numbers and cellular

17  telephone numbers that evidence calls made from December 1, 2007 to the present.

18

19

20

21

22

23

24

25

26

27

28

EXPEDITED DISCOVERY

1                      **EXHIBIT B - TESTIMONY CATEGORIES**

2

3         The deponent, 77Blue, LLC, is not a natural person.  77Blue, therefore, is hereby

4 requested and required, pursuant to Fed. R. Civ. P. 30(b)(6), to designate and produce a person or

5 persons with sufficient knowledge to testify on its behalf on the following matters:

6         1.     All COMMUNICATIONS that YOU have had with Deborah Beth Kirsch that in

7 any way RELATED TO RIYA's CONFIDENTIAL INFORMATION.

8         2.     All COMMUNICATIONS that YOU have had with anyone other than Deborah

9 Beth Kirsch that in any way RELATED TO RIYA's CONFIDENTIAL INFORMATION.

10         3.     All uses that YOU have made of RIYA's CONFIDENTIAL INFORMATION.

11         4.     All disclosures and/or transfers that YOU have made of RIYA's CONFIDENTIAL

12 INFORMATION.

13         5.     All COMMUNICATIONS that YOU have had with Deborah Beth Kirsch

14 RELATING TO her potential, possible or actual employment, whether as a full time or part time

15 employee, or as a consultant or in any other capacity, with YOU.

16         6.     All monetary gain that YOU have received as a result of RIYA's

17 CONFIDENTIAL INFORMATION.

18         7.     All DOCUMENTS, source code, algorithms, strategies and/or plans that YOU

19 have developed, whether or not reduced to writing, using any RIYA CONFIDENTIAL

20 INFORMATION.

21

22

23

24

25

26        MP1:1012925.1

27

28

# EXHIBIT K

1    ERIC J. AMDURSKY (S.B. #180288)
     LORI E. ROMLEY (S.B. #148447)
2    JUSTIN D. WALKER (S.B. #252268)
     O'MELVENY & MYERS LLP
3    2765 Sand Hill Road
     Menlo Park, CA 94025
4    Telephone:    (650) 473-2600
     Facsimile:     (650) 473-2601
5    Email: eamdursky@omm.com
          lromley@omm.com
6           jwalker@omm.com

7    Attorneys for Plaintiff
     RIYA, INC.

8

9               **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                **SAN FRANCISCO DIVISION**

12

13    RIYA, INC., a California Corporation       Case No.

14              Plaintiff,         **NOTICE OF SUBPOENA FOR**
                                    **EXPEDITED PRODUCTION OF**
15       v.                                       **DOCUMENTS**

16    DEBORAH BETH KIRSCH,

17               Defendant.

18

19

20

21

22

23

24

25

26

27

28

                                         YAHOO! DEPOSITION NOTICE

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2          **YOU ARE HEREBY NOTIFIED** plaintiff Riya, Inc. has issued a subpoena to Yahoo!

3    Inc. for the production of documents, to occur on or before seven (7) days after the date of service

4    of this deposition notice, on a date to be determined.

5          **YOU ARE FURTHER NOTIFIED THAT** the deponent is not a party to this action. So

6    far as known to the deposing party, the deponent's address and telephone number are as follows:

7    701 First Avenue, Sunnyvale, CA 94089, (408) 349-3300.  Said deponent has been served with a

8    Deposition Subpoena.  A copy of the deposition subpoena is attached hereto as Exhibit A and

9    served herewith.

10          Dated: January 24, 2008

11                        ERIC J. AMDURSKY
                    LORI E. ROMLEY

12                        O'MELVENY & MYERS LLP

13

14                        By:_____

15                                Lori E. Romley

16                        Attorneys for Plaintiff
                    Riya, Inc.

17

18    MP1:1012415.1

19

20

21

22

23

24

25

26

27

28

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

Riya, Inc., Plaintiff

**SUBPOENA IN A CIVIL CASE**

V.

Deborah Beth Kirsch, Defendant

Case Number:[1]

TO:    Yahoo! Inc.
       701 First Avenue
       Sunnyvale, CA 94089

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE    O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94025-7019; On a date within 7 days of service of this subpoena: TBD | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 1/24/2008 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|

Lori E. Romley, O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94925 650-473-2685

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### DEFINITIONS

As used herein:

1.      "YAHOO!" shall mean and refer to Yahoo! Inc. and its predecessors, and each of their parents, subsidiaries, affiliated or controlled companies, joint ventures, and any company acquired by or merged with Yahoo! Inc., including but not limited to Geocities.  This definition includes without limitation YAHOO!'s offices, branches, divisions, agents, employees, consultants, representatives, officers, attorneys, and any other person who acted or purported to act under YAHOO!'s control, on YAHOO!'s behalf, or at YAHOO!'s direction, or on the behalf of any predecessors, successors, assigns, parents, subsidiaries, departments, affiliates and/or divisions, including but not limited to Geocities.

2.      "YOU," "YOUR," or "YOURS" shall mean and refer to YAHOO!.

3.      "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any note(s), typed writing, photograph, chart, graph, videotape, audiotape, computer disk, or electronically stored data (including electronic mail and instant messages) which is or has ever been in your actual or constructive possession, custody or control, or available or obtainable by you, or of which you have knowledge, and includes, without limitation, all originals, copies, drafts, or other nonconforming copies of any kind.

4.      "And" and "or" shall be construed disjunctively and conjunctively, and each shall include the other.

5.      The singular form shall include the plural, and vice versa.

6.      The terms "any" and "all" shall be interchangeable.

7.      A DOCUMENT "relates to" a subject if the DOCUMENT evidences, summarizes, pertains to, describes, mentions, refers to, or in any other way deals with such subject.

8.      The time period for the document requests is September 13, 2006 through the present.

---

1

## INSTRUCTIONS

2    1.    YOU are instructed to produce all DOCUMENTS as described below that are in YOUR

3    "possession, custody, or control."  A DOCUMENT is in YOUR "possession, custody, or control"

4    if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability upon

5    request to obtain possession of the DOCUMENT or a copy thereof from the person or entity who

6    has physical possession of the DOCUMENT.

7    2.    YOU are instructed to produce the documents described below as they are kept in the

8    usual course of business, or organized and labeled to correspond with the categories in this

9    demand.

10    3.    If YOU withhold any document or portion of a document, on grounds of attorney-client

11    privilege, work product, confidentiality or any other ground, YOU are instructed to specify with

12    particularity:

13    (a) the grounds for withholding the document;

14    (b) the parties to the document (i.e., author(s) and all recipients);

15    (c) the date of the document;

16    (d) the length in pages of the document; and

17    (e) the location of the document.

18    ## DOCUMENTS TO BE PRODUCED

19    1.  All DOCUMENTS that constitute, evidence, refer or relate to subscriber information,

20    including the subscriber's identity, computer equipment, operating system, browser version, IP

21    address, or other information pertaining to the subscriber's use of a YAHOO! account, for the

22    following email address:  bkirsch2000@yahoo.com.

23    2.  All DOCUMENTS that constitute, evidence, refer or relate to YOUR investigation of and

24    reaction to complaints concerning emails from the following email address:

25    bkirsch2000@yahoo.com.

26    3.  To the extent not included in response to the above categories, DOCUMENTS sufficient

27    to show the identity of the individual(s) operating the following email address:

28    bkirsch2000@yahoo.com.

2

1    4.  All DOCUMENTS that constitute, evidence, refer or relate to emails sent from the

2    following email address:  bkirsch2000@yahoo.com.

3    5.  All DOCUMENTS that constitute, evidence, refer or relate to emails received by the

4    following email address:  bkirsch2000@yahoo.com.

5    6.  All DOCUMENTS that constitute, evidence, refer or relate to instant messages sent from

6    the following email address:  bkirsch2000@yahoo.com.

7    7.  All DOCUMENTS that constitute, evidence, refer or relate to instant messages received

8    by the following email address:  bkirsch2000@yahoo.com.

9

MP1:1012416.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

ATTACHMENT A