ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601
Email: eamdursky@omm.com
lromley@omm.com
jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RIYA, INC., a California Corporation

Plaintiff,

v.

DEBORAH BETH KIRSCH,

Defendant.

Case No. 2008-0547 MMC

**STIPULATION AND ~~[PROPOSED]~~ ORDER RE RESTRICTIONS ON DEFENDANT PENDING HEARING ON PRELIMINARY INJUNCTION AND SCHEDULE FOR HEARING AND BRIEFING RE ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

This Stipulation is entered into by and between plaintiff Riya, Inc. ("Riya") and defendant Deborah Beth Kirsch ("Kirsch"), through their respective counsel of record and executed by Kirsch.

**STIPULATION**

**WHEREAS** on January 24, 2008, Riya filed a complaint against Kirsch, alleging claims for Misappropriation of Trade Secrets, Claim and Delivery, Violation of the Computer Fraud and Abuse Act, Statutory Unfair Competition, Conversion, Breach of Contract and Declaratory Relief, Breach of Fiduciary Duty, and Money Had and Received ("Complaint"), as well as an *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction against Kirsch ("TRO Application");

**WHEREAS** Riya alleges that (1) Kirsch misappropriated Riya's confidential and proprietary business and trade secret information at least during the time that she was employed at Riya and provided such information to at least one competitor; (2) Kirsch promised that competitor that when she no longer worked for Riya, she would tell that competitor all that she learned at Riya; (3) Kirsch violated the Computer Fraud and Abuse Act by wrongfully accessing Riya's protected computer system to obtain such information; (4) Riya has met its burden of showing a likelihood of success on the merits of its claims against Kirsch; (5) Kirsch's actions have caused Riya harm; (6) if Kirsch is permitted to continue with these actions unrestrained, she will continue to cause harm to Riya; (7) Kirsch will suffer no harm if a TRO is granted in Riya's favor as Kirsch has no right to possess, use or disclose Riya's confidential and proprietary business and trade secret information, but if the TRO is not granted, Riya will suffer great and irreparable harm; and (8) the TRO that Riya requests is in the public interest;

**WHEREAS** Kirsch denies the allegations made in the Complaint, and further denies that (1) she has misappropriated Plaintiff's property, including Plaintiff's confidential and proprietary

business and trade secret information; (2) that Plaintiff has met its burden of demonstrating that it is likely to succeed on the merits of its claims against Defendant; (3) that if Plaintiff is permitted to continue unrestrained, she will likely continue to cause damage and harm to Plaintiff; (4) that Defendant's actions are causing immediate and irreparable injury, loss and damage to Plaintiff; (5) that, in the balance of hardships, the alleged harm to Plaintiff in the absence of a TRO far outweighs the harm Defendant may suffer if a TRO were granted; and (6) that the relief requested by Plaintiff is in the public interest;

**WHEREAS** on January 25, 2008, the Court held a telephonic hearing on the TRO Application and requested that Riya and Kirsch attempt to agree to a stipulation that would remain in place pending the preliminary injunction hearing, and that Riya and Kirsch must submit such agreed stipulation, or if no agreement can be reached, each party may submit its or her requested stipulation to the Court, at or before January 28, 2008 at 2:00 p.m.;

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that pending the hearing on Riya's motion for preliminary injunction, **KIRSCH SHALL NOT**:

1. Misappropriate any of Riya's confidential and proprietary business and trade secret information, including but not limited to disclosing or otherwise using such information as she may have in her possession, custody or control, or any such information that comes into her possession or under her custody or control pending the hearing on the Order to Show Cause Re Preliminary Injunction, whether in electronic, hard-copy, or other form, (a) by citing, quoting, making notes from, or otherwise using this information in the creation of any material, whether written, recorded or otherwise; (b) making any copies of such information, whether electronically or by other means; (c) communicating such information to any person or third party; (d) transferring such information to any other storage media, computer, server, facility, or other tangible or intangible thing where such information might be stored; and (e) or any other means;

2. Retain Riya's confidential and proprietary business and trade secret information and Kirsch must return all such information in her possession, custody and/or control, by February 4, 2008, to Riya, with a sworn statement in which Kirsch declares has returned all of Riya's information, whether in its original form or incorporated into other documents or electronic data, and that identifies all persons and/or entities to which any of that information was disclosed, the exact information disclosed and the date of disclosure, and that provides assurance that Kirsch will not use and/or disclose any Riya confidential and proprietary business and trade secret information, although Kirsch's counsel may retain one copy of the information returned to Riya;

3. Contact any current or former employee of Riya for the purpose of wrongfully obtaining Riya's confidential and proprietary business and trade secret information, or take any other steps to wrongfully acquire such information.

4. Subject to the Court's approval, the parties agree to the following briefing schedule and hearing date for the Order to Show Cause Re Preliminary Injunction:

Kirsch will file her Opposition on or before Friday, **February 22, 2008**.
Riya will file its Reply on or before Friday, **February 29, 2008**.
The hearing on the Order to Show Cause re Preliminary Injunction will be on Friday, **March 7, 2008** at 9:00 a.m. before the Honorable Maxine M. Chesney.

Dated: January 28, 2008

DEBORAH BETH KIRSCH

By: ______________________________
Deborah Beth Kirsch

2. Retain Riya's confidential and proprietary business and trade secret information and Kirsch must return all such information in her possession, custody and/or control, by February 4, 2008, to Riya, with a sworn statement in which Kirsch declares has returned all of Riya's information, whether in its original form or incorporated into other documents or electronic data, and that identifies all persons and/or entities to which any of that information was disclosed, the exact information disclosed and the date of disclosure, and that provides assurance that Kirsch will not use and/or disclose any Riya confidential and proprietary business and trade secret information, although Kirsch's counsel may retain one copy of the information returned to Riya;

3. Contact any current or former employee of Riya for the purpose of wrongfully obtaining Riya's confidential and proprietary business and trade secret information, or take any other steps to wrongfully acquire such information.

4. Subject to the Court's approval, the parties agree to the following briefing schedule and hearing date for the Order to Show Cause Re Preliminary Injunction:

Kirsch will file her Opposition on or before Friday, **February 22, 2008**.
Riya will file its Reply on or before Friday, **February 29, 2008**.
The hearing on the Order to Show Cause re Preliminary Injunction will be on Friday, **March 7, 2008** at 9:00 a.m. before the Honorable Maxine M. Chesney.

Dated: January 28, 2008

DEBORAH BETH KIRSCH

By: [signature]
Deborah Beth Kirsch

APPROVED AS TO FORM:

Dated: January 28, 2008

DEREK A. ELETICH
LAW OFFICE OF DEREK A. ELETICH

By: [signature]
Derek A. Eletich
Attorneys for Defendant
DEBORAH BETH KIRSCH

Dated: January 28, 2008

ERIC J. AMDURSKY
LORI E. ROMLEY
JUSTIN D. WALKER
O'MELVENY & MYERS LLP

By:____________________________
Lori E. Romley
Attorneys for Plaintiff
RIYA, INC.

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Pending the hearing on the Order to Show Cause re: Preliminary Injunction, Kirsch must abide by the terms of the attached Stipulation.

Kirsch must file any opposition to the Order to Show Cause re: Preliminary Injunction on or before February 22, 2008, and Riya may file any reply thereto on or before February 29, 2008. The hearing on the Order to Show Cause re: Preliminary Injunction shall be on Friday, March 7, 2008 at 9:00 a.m. in Courtroom 7 at the above-captioned Court.

DATED: ____________________, 2008

________________________________
The Honorable Maxine M. Chesney
United States District Judge

MP1:1013101.3

APPROVED AS TO FORM:

Dated: January 28, 2008

DEREK A. ELETICH
LAW OFFICE OF DEREK A. ELETICH

By: ______________________
Derek A. Eletich
Attorneys for Defendant
DEBORAH BETH KIRSCH

Dated: January 28, 2008

ERIC J. AMDURSKY
LORI E. ROMLEY
JUSTIN D. WALKER
O'MELVENY & MYERS LLP

By: /s/
Lori E. Romley
Attorneys for Plaintiff
RIYA, INC.

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Pending the hearing on the Order to Show Cause re: Preliminary Injunction, Kirsch must abide by the terms of the attached Stipulation.

Kirsch must file any opposition to the Order to Show Cause re: Preliminary Injunction on or before February 22, 2008, and Riya may file any reply thereto on or before February 29, 2008. The hearing on the Order to Show Cause re: Preliminary Injunction shall be on Friday, ~~March 7,~~ March 14 2008 at 9:00 a.m. in Courtroom 7 at the above-captioned Court.

DATED: January 28, 2008

The Honorable Maxine M. Chesney
United States District Judge

MP1:1013101.3