ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025
Telephone:  (650) 473-2600
Fax:  (650) 473-2601
Email: eamdursky@omm.com
          lromley@omm.com
          jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RIYA, INC., a California Corporation<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEBORAH BETH KIRSCH,<br><br>　　　　　Defendant. | Case No. **C 08-0547 MMC**<br><br>**PLAINTIFF RIYA, INC.'S NOTICE OF *EX PARTE* APPLICATION AND APPLICATION FOR:**<br><br>**AN ORDER SHORTENING TIME FOR HEARING RIYA'S MOTION TO COMPEL DEFENDANT KIRSCH TO EXECUTE CONSENT TO RELEASE HER YAHOO! EMAILS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND**<br><br>**DECLARATION OF LORI E. ROMLEY IN SUPPORT THEREOF** |

## NOTICE OF APPLICATION AND APPLICATION TO SHORTEN TIME

**TO DEFENDANT AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff Riya, Inc. ("Riya") hereby applies *ex parte* for an Order Shortening Time for the hearing on its a motion to compel defendant Beth Kirsch ("Kirsch") to execute a Consent to Release, which will permit Yahoo! to produce the contents of her personal Yahoo! email account ("Motion to Compel"). The Motion to Compel is currently scheduled for hearing on March 21, 2008 and through this application, Riya requests that the Court hear that Motion to Compel **telephonically** on **February 15, 2008**, or as soon thereafter as the Court is able to hear the motion, and that defendant file and serve any opposition on **February 14, 2008** by noon.

Riya makes this Application pursuant to Civil Local Rule 6-3, on the grounds that Riya needs immediate access to Kirsch's personal user account at Yahoo!, bkirsch2000@yahoo.com. Riya now has concrete evidence that Kirsch sent Riya confidential and proprietary business and trade secret information ("Riya Confidential Information") to a Riya competitor through her personal Yahoo! account and must obtain the remainder of the emails in that account to understand the full magnitude of Kirsch's misappropriation of Riya Confidential Information. A review of these emails will assist Riya in preventing any further misappropriation by the recipients of Kirsch's emails, and in preparing its case against Kirsch in advance of March 7, when it must file its reply to the order to show cause re: preliminary injunction ("OSC"). Unless Riya's Motion to Compel is heard on shortened time, as explained in the attached memorandum, Riya will be unable to gain timely access to Kirsch's personal Yahoo! account. Riya has made every effort, in compliance with Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1, to meet and confer with Kirsch to resolve this dispute, as set forth fully in the attached memorandum, but those efforts were unfruitful.

This Application is based on this notice of *ex parte* application and application, the attached Declaration of Lori E. Romley, the Declaration of Lori E. Romley In Support Of Plaintiff Riya, Inc's Motion To Compel Defendant Kirsch To Execute Consent To Release Her Yahoo! User Account Data, filed February 13, 2008, the Declaration of Munjal Shah In Support

Of Plaintiff Riya, Inc's Motion To Compel Defendant Kirsch To Execute Consent To Release Her Yahoo! User Account Data, filed February 13, 2008, the Declaration of Lori E. Romley In Support Of Plaintiff's Motion For Limited Expedited Discovery, filed on January 24, 2008, the Transcript of Telephonic Proceedings, before this Court on Friday, January 25, 2008, attached as Exhibit B to Plaintiff' Riya, Inc.'s Motion To Compel Defendant Kirsch To Execute Consent To Release Her Yahoo! User Account Data, filed February 13, 2008, Defendant's Certification Re Plaintiff's Information, attached hereto, the Stipulation and Order Re Revised Schedule For Hearing and Briefing Re Order To Show Cause Why Preliminary Injunction Should Not Be Issued, served on February 11, 2008, the pleadings and records in this matter, all evidence that is properly brought before the Court at or before the hearing on this matter, and any oral argument of counsel that may be presented to the Court at the time of any hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 24, 2008, Riya filed its complaint against Kirsch, alleging claims stemming from her blatant misappropriation of Riya Confidential Information. Not only did she wrongfully obtain this information, but she sent it to a Riya competitor. (Complaint, filed January 24, 2008, ¶ 4.) Riya is unaware currently of how many individuals, entities or competitors Kirsch has sent Riya Confidential Information. (Declaration of Munjal Shah In Support Of Plaintiff Riya, Inc's Motion To Compel Defendant Kirsch To Execute Consent To Release Her Yahoo! User Account Data ("Munjal Decl.") ¶ 5.) Along with its complaint, Riya also filed a request for expedited discovery, attaching the specific discovery that it wanted to immediately propound. (Declaration of Lori E. Romley In Support Of Plaintiff's Motion For Limited Expedited Discovery, filed on January 24, 2008, Exhibits F-K.) The Court granted Riya's request to the extent that both parties could commence discovery forthwith, but did not pre-approve Riya's attached discovery. (Transcript of Telephonic Proceedings, Friday, January 25, 2008, attached as Exhibit B to Plaintiff' Riya, Inc.'s Motion To Compel Defendant Kirsch To Execute Consent To Release Her Yahoo! User Account Data, ("Transcript") 23:14-18.). After that hearing, Riya requested that Kirsch sign a "Consent to Release" to permit Yahoo! to produce copies of the emails in Kirsch's personal user account at Yahoo!, bkirsch2000@yahoo.com. (Romley Decl. Re: Motion to Compel ¶ 5, Ex. B.)

Additionally, on January 24, Riya filed an *ex parte* application for a temporary restraining order ("TRO") and order to show cause re: preliminary injunction ("OSC"). The Court heard the TRO application on January 25, 2008. Kirsch argued that no TRO should issue because *she did not have any Riya information* as she left all Riya information on her work laptop computer. (Transcript 12:18-22.) These representations were demonstrably false. As part of the order entered against Kirsch, she was required to return all of Riya's information. The Riya information that Kirsch returned filled *5 DVDs and 1 CD Rom.* (Defendant's Certification Re Plaintiff's Information, attached hereto as **Exhibit A**.) This production contained few, if any, emails.

1   After this litigation was filed, the competitor to whom Kirsch sent Riya Confidential Information came forward and provided Riya with copies of two emails that Kirsch had sent to him that indisputably contain Riya's trade secrets. (Declaration of Lori E. Romley, attached hereto, ¶ 4.) Those emails were not sent from Kirsch's work issued laptop. Instead, Kirsch sent them from her Yahoo! account. (*Id*.) Riya issued a subpoena to Yahoo! for the production of Kirsch's email, but Yahoo! refuses to produce those emails unless an exception existed to the general rule that disclosure of a user's email contents is prohibited. (Romley Decl. Re: Motion to Compel ¶ 7, Exs. E, F.) One of those statutory exceptions is user consent to production.

On January 25, Riya served its discovery on Kirsch, including the request that Kirsch execute the Consent to Release. (Romley Decl. Re: Motion to Compel ¶ 5, Ex. B.) Kirsch said that she would not execute the document, claiming that if Yahoo! produced her emails to Riya her right to privacy would be violated. (*Id.* ¶ 5) Without discussing the merits of that objection, Riya offered to allow Kirsch and her counsel to review the Yahoo! production *before* Riya received a copy, and to remove and log those emails that were irrelevant to the litigation. (*Id.* ¶ 5, Ex. C.) Of course, Kirsch may additionally remove and log any emails subject to privilege.

Even with this agreement from Riya -- which clearly eliminates any potential privacy objection -- Kirsch still refuses to execute the Consent to Release. Riya continued to meet and confer with Kirsch regarding this issue, including asking that Kirsch agree to the Court hearing this motion of shortened time, but those efforts were to no avail. (*Id.* ¶ 6, Ex. D.) Although Kirsch did not raise any further objections, she claimed that because she was going to produce the Yahoo! emails that she had on her computer, Riya had no need to obtain the emails in her Yahoo! account. (*Id.* ¶ 6, Ex. C.) Given the seriousness of the misrepresentations that Kirsch has already made in this litigation, that she had no Riya information when in fact she had a huge amount of such data, Kirsch has no credibility when she says that she will produce all the responsive Yahoo! emails. Riya should not be forced to rely on Kirsch's representation, especially because it will not prejudice Kirsch in anyway if Riya is able to verify the completeness of her production by obtaining a production from Yahoo!

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

- 5 -   APP. SHORTEN TIME; MEMO & ROMLEY DECL -- CASE NO. C 08-0547 MMC

The hearing on the OSC is scheduled for March 21, 2008, with the opposition brief due on February 29 and the reply on March 7. (Stipulation and Order Re Revised Schedule For Hearing and Briefing Re Order To Show Cause Why Preliminary Injunction Should Not Be Issued, filed on February 11, 2008.) Further, the parties are scheduling depositions that must occur in sufficient time to permit them to use the testimony in their papers. Any unnecessary delays in producing the essential documents in Kirsch's Yahoo! account are unwarranted and will prejudice Riya's preparation of its case. Critically, until Riya is able to review Kirsch's Yahoo! emails and determine how widely Kirsch distributed Riya Confidential Information, Riya cannot fully protect its valuable information and trade secrets. While the Order entered against Kirsch restrains *her* from further misappropriation, it does not address or restrain any other individual or entity to whom Kirsch may have sent Riya Confidential Information. (Stipulation And Order Re Restrictions On Defendant Pending Hearing On Preliminary Injunction And Schedule For Hearing And Briefing Re Order To Show Cause Why Preliminary Injunction Should Not Be Issued, filed on January 28, 2008.)

For all of the foregoing reasons, Riya requests that the Court grant this *Ex Parte* Application and order that Riya's Motion to Compel be heard February 15, 2008, that the hearing may proceed telephonically, and that Kirsch must file and serve any opposition to that motion on or before noon on February 14.

Dated: February 13, 2008           Respectfully Submitted,

ERIC J. AMDURSKY
LORI E. ROMLEY
JUSTIN D. WALKER
O'MELVENY & MYERS LLP


By:         /s/
            Lori E. Romley

Attorneys for Plaintiff
RIYA, INC.

## **DECLARATION OF LORI E. ROMLEY**

I, Lori E. Romley, hereby declare as follows:

1. I have personal knowledge of the matters recited herein and if called to do so, could and would competently testify thereto.

2. I am a Counsel at the law firm of O'Melveny & Myers LLP, and an attorney licensed to practice before all courts of the State of California and the United States District Court for the Northern District of California. I am an attorney of record for plaintiff Riya, Inc. ("Riya"). I provide this declaration in support of Plaintiff's Application To Shorten Time.

3. This action alleges claims against Defendant Deborah Beth Kirsch ("Kirsch") stemming from her trade secret misappropriation both during and after her employment with Riya. Riya filed its Complaint, *Ex Parte* Application for TRO and request for expedited discovery on January 24, 2008. The Court held the hearing on Riya's TRO application on January 25, 2008 and at that time ruled on Riya's request for expedited discovery.

4. After this litigation was filed, Riya obtained two emails sent by Kirsch to a Riya competitor from her Yahoo! email account. These emails contain Riya's trade secrets. (*See* Munjal Decl. ¶ 3-5.)

5. A hearing before this Court on shortened time is necessary because Riya must be able to review the contents of Kirsch's Yahoo! account in order to fully understand the scope and extent to which Kirsch has misappropriated Riya Confidential Information. That understanding is necessary so that Riya can then further protect the Riya Confidential Information that Kirsch misappropriated. Further, Kirsch's Yahoo! emails are necessary to permit Riya to properly prepare for depositions in this matter and the pending hearing on the Order to Show Cause Re Entry of Preliminary Injunction.

6. I met and conferred with Kirsch's counsel, Derek A. Eletich, regarding the Consent to Release, but Kirsch refused to sign the document on the ground that it would violate her privacy rights. I offered that Mr. Eletich and his client could review the Yahoo! emails *before* they were produced to Riya to remove and log the irrelevant emails. Mr. Eletich may also

1 remove and log any emails subject to a claim of privilege. Kirsch refused this offer. I continued
2 to meet and confer with Mr. Eletich, but Kirsch flatly refused to sign the Consent to Release.

3       7. On February 9, I requested Mr. Eletich to stipulate to the Court hearing Riya's
4 motion to compel on shortened time, and on February 11 he refused that request.

5       8. Riya requests that the Court grant its application for shortened time, hear its
6 motion to compel telephonically on February 15, and order that Kirsch file and serve any
7 opposition thereto on or before February 14 by noon.

8       9. I certify that the Application for Order Shortening Time is made in good faith and
9 for good cause.

10    I declare under penalty of perjury under the laws of the United States of America that the
11 foregoing is true and correct.

13 Dated: February 13, 2008

/s/
Lori E. Romley

16 MP1:1014171.3

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

- 8 -   APP. SHORTEN TIME; MEMO & ROMLEY
DECL -- CASE NO. C 08-0547 MMC

# EXHIBIT A

1  DEREK A. ELETICH, CAL. BAR NO. 193393
   derek@eletichlaw.com
2  KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
   kymberleigh@eletichlaw.com
3  LAW OFFICE OF DEREK A. ELETICH
   155 Forest Avenue
4  Palo Alto, CA 94301
   Telephone:   (650) 543-5477
5  Facsimile:   (650) 429-2028

6  Attorneys for Defendant
   DEBORAH BETH KIRSCH
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                    San Francisco Division

11 RIYA, INC.,                    )  Case No. CV 08 0547 MMC
                                  )
12           Plaintiff,            )  **DEFENDANT'S CERTIFICATION
                                  )  RE PLAINTIFF'S INFORMATION**
13     v.                         )
                                  )
14 DEBORAH BETH KIRSCH,           )
                                  )
15           Defendant.            )
                                  )
16                                )

17

18

19

20

21

22

23

24

25

26

27

28

I, Deborah Beth Kirsch, state as follows:

1. Enclosed are five (5) DVDs and one (1) CD (hereinafter "six (6) Discs"). These six (6) Discs contain all of Riya, Inc.'s ("Riya's") information, whether in its original form or incorporated into other documents or electronic data, in my possession, custody and control.

2. As part of this production, I have provided Riya with copies of various Outlook files discovered in my possession during our investigation into this matter. These files constitute work e-mail data files which were transferred to and from my personal laptop computer (and some converted to files for use on a Macintosh computer) as a result of the effort to (a) save my work e-mail files when my work computer died in May 2007 and (b) convert them to Macintosh files for use on my new work computer. I make no judgments/assertions/claims/acknowledgements as to whether any of the content in, or attachments to, any of the emails in these files actually constitutes Riya's information, but I am producing them anyway in an effort to resolve this dispute as quickly as possible. To the extent that any of the e-mails in these files had Riya documents attached to them, the recipients and dates of transmission are self-evident on the face of those emails. Furthermore, it should be noted that these Outlook files may be duplicative of each other, but that I have included a copy of each one I found in an abundance of caution.

3. As part of this production I am also producing two (2) e-mails containing search engine key words that I sent to David Lewis on December 16, 2007. Other than the disclosure described in paragraph 4 below, this is the only Riya information I disclosed to any non-Riya person and/or entity.

4. As part of this production I am also producing a copy of the draft Separation Agreement provided to me by Riya in December, 2007, which I sent to David Lewis and my father on December 13, 2007.

5. My investigation into this matter is ongoing, and I reserve the right to supplement this production in the future should I discover any other Riya information in my possession, custody, or control.

1  6. I agree to not use and/or disclose any of the Riya information being
2  "returned" to Riya along with this Certification.
3  7. This "return" of Riya information is made with Riya's understanding that I
4  personally am still in possession of each of the electronic files produced to Riya today. This is
5  because Riya has specifically asked that I not delete any of the electronic files found in my
6  possession.
7  8. My counsel, the Law Office of Derek A. Eletich, is retaining a copy of the
8  Riya information I am returning to Riya herewith.
9  I declare under penalty of perjury under the laws of the United State of America
10 that the foregoing is true and correct.
11 Executed on February 4, 2008, at San Francisco, California.

*D. Beth Kirsch*
DEBORAH BETH KIRSCH

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

CERTIFICATION RE PLAINTIFF'S INFORMATION
Case No. CV 08 0547 MMC