1    DEREK A. ELETICH, CAL. BAR NO. 193393
     derek@eletichlaw.com
2    KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
     kymberleigh@eletichlaw.com
3    LAW OFFICE OF DEREK A. ELETICH
     155 Forest Avenue
4    Palo Alto, CA  94301
     Telephone:    (650) 543-5477
5    Facsimile:    (650) 429-2028

6    Attorneys for Defendant
     DEBORAH BETH KIRSCH
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11   RIYA, INC.,                   )    Case No. CV 08 0547 MMC
                                   )
12              Plaintiff,          )    **DEFENDANT'S OPPOSITION TO**
                                   )    **PLAINTIFF'S *EX PARTE***
13        v.                        )    **APPLICATION FOR ORDER**
                                   )    **SHORTENING TIME FOR HEARING**
14   DEBORAH BETH KIRSCH,          )    **ON PLAINTIFF'S MOTION TO**
                                   )    **COMPEL DEFENDANT TO**
15              Defendant.         )    **EXECUTE CONSENT TO RELEASE**
                                   )    **HER YAHOO! EMAILS**
16   _____   )

17            Plaintiff's *Ex Parte* Application for Order Shortening Time for Hearing on

18   Plaintiff's Motion to Compel Defendant to Execute Consent to Release Her Yahoo! Emails (the

19   "Application") should be denied because the issue it seeks to address on an expedited basis will

20   not yet be ripe at the time of the proposed hearing on February 15, 2008.  Plaintiff served

21   document requests on Defendant on January 25, 2008 which included Request No. 13: "Execute

22   the attached Consent to Release Information (Exhibit A hereto)."  *See* Exhibit A to the

23   Declaration of Lori E. Romley in Support of Plaintiff Riya Inc.'s Motion to Compel Defendant

24   Kirsch to Execute Consent to Release Her Yahoo! User Account Data (the "Motion").  Plaintiff

25   may be impatient, but the parties *mutually agreed* to an expedited response to those requests and

26   production of responsive documents on February 15, 2008.  *See* Declaration of Derek A. Eletich

27   ("Eletich Declaration") at ¶ 3, and Exh. A.  Thus, Plaintiff will not have standing to request that

28

---

1   the Court order Defendant to sign the Consent to Release until after the close of business on

2   February 15, 2008. *See id.*

3           The Application should also be denied because Defendant is currently preparing

4   all relevant, responsive, and non-privileged electronic communications stored in connection with

5   Defendant's bkirsch2000@yahoo.com e-mail address (the "Yahoo! Account") for expedited

6   production to Plaintiff on Friday, February 15, 2008, as previously agreed by the parties on

7   January 30, 2008. *See* Eletich Declaration, Exh. A. For this reason, the Application is moot—

8   Plaintiff is already scheduled to receive the documents it is entitled to on the day it wants the

9   Court to hear its arguments in connection with this Application. *See* Eletich Declaration at ¶ 5.

10          Finally, the Application should also be denied because the application does not

11  meet the requirements of Civil L.R. 6-3. Civil L.R. 6-3(4)(i) requires that the moving party

12  describe its compliance with Civil L.R. 37-1(a), which states the "Court will not entertain a

13  request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37,

14  counsel have previously conferred for the purpose of attempting to resolve all disputed issues."

15  Civil L.R. 37-1(a). Plaintiff's Application makes vague reference to compliance with Civil L.R.

16  37-1, but fails to admit that ***Plaintiff simply abandoned the meet and confer discussions with***

17  ***Defendant on February 11, 2008***, rather than trying to actually resolve all the issues still in

18  dispute. *See* Eletich Declaration, Exh. B. Plaintiff's Application makes clear that Plaintiff's two

19  core assertion supporting its Motion are that (1) Defendant cannot be trusted to produce all the

20  relevant, responsive, non-privileged electronic communications stored in connection with her

21  Yahoo! Account, and (2) that Defendant will not be prejudiced by Plaintiff's "alternative" plan

22  which would allow Riya to "verify" the completeness of Defendant's document production. *See*

23  Application at 5:22-5:27. However, an e-mail chain between counsel ending February 11, 2008,

24  the last communications between counsel regarding this issue prior to Plaintiff's filing of the

25  Application, shows that Plaintiff's counsel simply ***never posed the argument*** to Defendant's

26  counsel that Defendant would not be prejudiced by Riya's "alternative" plan, an argument which

27  Defendant strongly disputes. *See generally* Eletich Declaration, Exh. B. Indeed, Exhibit B

28                                                          2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER SHORTENING
TIME FOR HEARING ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO EXECUTE CONSENT
TO RELEASE HER YAHOO! EMAILS

Case No. CV 08 0547 MMC

shows that Plaintiff's counsel simply abandoned the meet and confer process after Defendant's counsel (1) claimed there was no need for Riya's "alternative" plan, and (2) raised its objection that Plaintiff's counsel was implying that Defendant and her counsel would simply refuse to fulfill their discovery obligations appropriately.  *See generally* Eletich Declaration, Exh. B.

Clearly Plaintiff's failure to conduct an adequate meet and confer is the reason underlying Plaintiff's Application's failure to meet Civil L.R. 6-3(4)(ii), which clearly states that Plaintiff must summarize Defendant's positions on Plaintiff's allegations that (1) Defendant and her counsel cannot be trusted to meet their discovery obligations, and (2) that Defendant would not be prejudiced by Plaintiff's proposed "alternative" plan.  Perhaps the reason Plaintiff's counsel did not fully engage in a discussion of these topics with Defendant's counsel is because she knew that a written record would be created preventing Plaintiff from creating the false impression in its Application that Defendant had been caught withholding evidence.  *See* Application at 4:23-5:03.  In this section of the Application, Plaintiff states that the stipulation signed by Defendant required her to return all Riya information, and then inaccurately states that Defendants production of documents on February 4, 2008 in compliance with that stipulation "[c]ontained few, if any, emails," Application 4:23-4:27, before going on to point out that a third party "came forward and provided Riya with copies of two emails that Kirsch had sent to him that indisputably contain Riya's trade secrets."  Application at 5:01-5:03.  Contrary to the impression created by Plaintiff's Application, Defendant produced hundreds, if not thousands, of emails to Plaintiff on February 4, 2008, copies of which were those two emails referenced by Plaintiff at 5:01-5:03 of the Application.  It is clear that the parties have not yet completed their meet and confer on these issues, and that the Application does not meet the requirements of Civil L.R. 6-3.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO EXECUTE CONSENT TO RELEASE HER YAHOO! EMAILS

Case No. CV 08 0547 MMC

1          For all the reasons stated above, we respectfully request that the Court deny the

2    Application for an order shortening time.

3    Dated:  February 13, 2008          LAW OFFICE OF DEREK A. ELETICH

4          /s/ Derek A. Eletich

5          By:_____

6          DEREK A. ELETICH

7          Attorney for Defendant
      DEBORAH BETH KIRSCH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4