ERIC J. AMDURSKY (S.B. #180288)
LORI E. ROMLEY (S.B. #148447)
JUSTIN D. WALKER (S.B. #252268)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025
Telephone:  (650) 473-2600
Fax:  (650) 473-2601
Email: eamdursky@omm.com
       lromley@omm.com
       jwalker@omm.com

Attorneys for Plaintiff
RIYA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RIYA, INC., a California Corporation<br><br>              Plaintiff,<br><br>     v.<br><br>DEBORAH BETH KIRSCH,<br><br>              Defendant. | Case No. **C 08-0547 MMC**<br><br>**REPLY RE RIYA'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING RIYA'S MOTION TO COMPEL DEFENDANT KIRSCH TO EXECUTE CONSENT TO RELEASE HER YAHOO! EMAILS; AND REPLY DECLARATION OF LORI E. ROMLEY IN SUPPORT THEREOF** |

1    Defendant Deborah Beth Kirsch ("Kirsch") opposes Riya, Inc.'s ("Riya") application to
2 shorten time on three grounds: (1) it is premature; (2) Kirsch intends to produce her copies of her
3 Yahoo! personal user account emails; and (3) Riya failed to adequately meet and confer before
4 seeking relief from the Court. Each of these objections is meritless and cannot serve to deny Riya
5 the right to obtain Kirsch's Yahoo! emails directly from Yahoo! and on a timely basis.
6 Significantly, Kirsch fails to identify any prejudice that she would suffer if the Court granted
7 Riya's application.

8    First, Riya's application is *not* premature. Kirsch has repeatedly stated without
9 qualification that she will not sign the Consent to Release her Yahoo! emails. Reply Declaration
10 of Lori E. Romley, attached hereto, ¶¶ 3-12. It is no surprise to Kirsch that Riya needs Yahoo! to
11 complete its production of Kirsch's emails as soon as possible as Riya needs that discovery in
12 order to prepare for the pending depositions, to understand the extent of Kirsch's
13 misappropriation and to protect its confidential information from further dissemination, and to
14 prepare its reply brief in support of its motion for a preliminary injunction, which is due on
15 March 7 -- two weeks *before* Kirsch wants the Court to hear Riya's motion to compel Kirsch to
16 execute the consent to release her Yahoo! emails. Kirsch apparently has her reasons for wanting
17 to delay Yahoo!'s production, but the goal of discovery is to permit each side full access to the
18 relevant information so that the dispute between the parties may be fully and completely
19 addressed. The Court should block Kirsch's attempts to keep Riya in the dark about her
20 misappropriations of Riya's confidential and proprietary business and trade secret information as
21 evidenced in her Yahoo! emails, which evidence is without doubt highly relevant to the issues
22 raised in this litigation.

23    Second, that Kirsch is ostensibly going to produce her copies of her Yahoo! emails on
24 February 15 does not prohibit Riya from obtaining that information directly from Yahoo!. In this
25 case, Kirsch has made repeated misrepresentations to counsel and the Court, including that she
26 had absolutely no Riya information when, in fact, she had *5 DVDS and 1 CD Rom* full of Riya
27 information, and that Riya failed to meet and confer on this application when in fact Riya
28 exhaustively met and conferred, as set forth below. Riya has no reason to believe that Kirsch is

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

- 2 -      REPLY RE: SHORTEN TIME & ROMLEY
           REPLY DECL -- CASE NO. C 08-0547 MMC

1  being any more truthful in her assertion that she will produce all the Yahoo! emails. Nor do the
2  discovery rules require Riya to have that trust or limit Riya's ability to confirm the completeness
3  of the production by obtaining the material from a third party.

4  <u>Third</u>, Riya thoroughly met and conferred with Kirsch in a good faith and concerted effort
5  to obtain Kirsch's agreement to execute the Consent to Release. Riya served its request for
6  documents and things, which included the request that Kirsch execute the Consent to Release, to
7  Kirsch on January 25, 2008. Reply Declaration of Lori E. Romley ("Romley Reply Decl."),
8  attached hereto, ¶ 3. Shortly after serving that discovery, Riya discussed the discovery with
9  Kirsch and specifically asked whether she intended to execute the Consent to Release. *Id.* ¶ 4.
10 Kirsch's response was short and clear, no. *Id.* ¶ 5. On February 3, Riya sent a letter to Kirsch
11 again asking that she execute the Consent to Release and making a reasonable compromise to
12 take into consideration any "privacy" issues that may be implicated by the Yahoo! production.
13 *Id.* ¶ 6. The next day, Riya and Kirsch had a telephonic meet and confer and Riya *again*
14 attempted to convince Kirsch to consent to the release of her Yahoo! emails. *Id.* ¶ 7. Kirsch
15 remained resolute and stated that she would not execute the Consent to Release. *Id.* ¶ 8.

16 On February 9, 2008, Riya notified Kirsch that due to her refusal to agree to release her
17 Yahoo! emails, Riya would seek an order from the Court to compel Kirsch to execute the Consent
18 to Release and asked whether Kirsch would stipulate that the Court could hear that motion on
19 shortened time. *Id.* ¶ 9. Riya stated that if Kirsch would not agree, it would seek an order
20 shortening time for the hearing on that motion. On February 11, Kirsch refused yet again to sign
21 the Consent to Release and stated that she would not stipulate that the Court could hear the
22 motion on shortened time. *Id.* ¶ 10. In response, Riya reiterated its agreement to eliminate any
23 privacy concerns by permitting Kirsch and her counsel to review the Yahoo! production before it
24 was produced to Riya, and asked whether with this compromise any objection remained. *Id.* ¶ 11.
25 Kirsch's response was that there was no need for Riya to pursue the Yahoo! production. *Id.* ¶ 12.

26 For Kirsch to represent that Riya failed to exhaust the meet and confer process before
27 filing its motion is preposterous. Given that Kirsch never wavered in her conviction that the
28 Yahoo! production was unnecessary and that she would not consent to it, and despite Riya's

- 3 -   REPLY RE: SHORTEN TIME & ROMLEY
REPLY DECL -- CASE NO. C 08-0547 MMC

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
MENLO PARK

efforts to accommodate her objections, she continued to refuse to sign the Consent to Release, it was clear that nothing further could be accomplished informally.  The time to prepare for the OSC re: Preliminary Injunction is short and is packed with at least 5 depositions and two major document productions, and requires Kirsch to file her opposition by February 29 and Riya to reply on March 7.  Unless Riya obtains the Yahoo! production immediately, it will be unable to effectively use the information that it discovers.

<u>Finally</u>, and perhaps most importantly, Kirsch has not advanced a single argument as to why she would be prejudiced if Riya's motion is heard on shortened time.  Nowhere in her opposition brief does Kirsch even attempt to make this argument, nor could she.

For all of the foregoing reasons, Riya requests that the Court grant this *Ex Parte* Application and order that Riya's Motion to Compel be heard February 15, 2008, that the hearing may proceed telephonically, and that Kirsch must file and serve any opposition to that motion on or before noon on February 14.

Dated: February 14, 2008          Respectfully Submitted,

ERIC J. AMDURSKY
LORI E. ROMLEY
JUSTIN D. WALKER
O'MELVENY & MYERS LLP


By:          /s/
          Lori E. Romley

Attorneys for Plaintiff
RIYA, INC.

# REPLY DECLARATION OF LORI E. ROMLEY

I, Lori E. Romley, hereby declare as follows:

1. I have personal knowledge of the matters recited herein and if called to do so, could and would competently testify thereto.

2. I am a Counsel at the law firm of O'Melveny & Myers LLP, and an attorney licensed to practice before all courts of the State of California and the United States District Court for the Northern District of California. I am an attorney of record for plaintiff Riya, Inc. ("Riya"). I provide this declaration in support of Riya's Reply Re: Application To Shorten Time.

3. Riya served its request for documents and things, which included the request that Kirsch execute the Consent to Release, to Kirsch on January 25, 2008.

4. Shortly after serving that discovery, I discussed the discovery issues with Derek Eletich, Kirsch's counsel, and asked whether Kirsch would execute the Consent to Release.

5. Eletich responded that Kirsch would not consent to the release of her Yahoo! emails.

6. On February 3, I sent a letter to Eletich again asking him whether Kirsch would execute the Consent to Release and making a reasonable compromise to take into consideration any "privacy" issues that may be implicated by the Yahoo! production.

7. On February 4, I had a telephone meet and confer with Eletich and I *again* attempted to convince him that Kirsch should sign to consent to release her Yahoo! emails.

8. In response, Eletich said that Kirsch would not execute the Consent to Release.

9. On February 9, 2008, I told Eletich that because Kirsch refused to consent to the release of her Yahoo! emails, Riya would seek an order from the Court to compel Kirsch to execute the Consent to Release. I also asked him whether Kirsch would stipulate that the Court could hear that motion on shortened time. I said that if Kirsch would not agree to shortened time, Riya would be forced to seek such relief from the Court.

10. On February 11, Eletich notified me that Kirsch refused yet again to sign the Consent to Release and stated that Kirsch would not stipulate that the Court could hear Riya's motion to compel on shortened time.

11. In response, I reiterated Riya's agreement that Kirsch and her counsel could review the Yahoo! production before it was produced to Riya, and asked whether with this compromise any objection remained.

12. Eletich responded that there was no need for Riya to pursue the Yahoo! production.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 14, 2008

/s/
Lori E. Romley

MP1:1014422.1

- 6 -

REPLY RE: SHORTEN TIME & ROMLEY
REPLY DECL -- CASE NO. C 08-0547 MMC