1  DEREK A. ELETICH, CAL. BAR NO. 193393
   derek@eletichlaw.com
2  KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
   kymberleigh@eletichlaw.com
3  LAW OFFICE OF DEREK A. ELETICH
   155 Forest Avenue
4  Palo Alto, CA  94301
   Telephone:    (650) 543-5477
5  Facsimile:    (650) 429-2028

6  Attorneys for Defendant
   DEBORAH BETH KIRSCH
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       San Francisco Division

11  RIYA, INC.,                      )   Case No. CV 08 0547 MMC
                                     )
12          Plaintiff,               )   **DEFENDANT'S ANSWER TO**
                                     )   **PLAINTIFF'S COMPLAINT**
13      v.                           )
                                     )
14  DEBORAH BETH KIRSCH,             )
                                     )
15          Defendant.               )
                                     )
16  _____      )

17          Defendant DEBORAH BETH KIRSCH ("Kirsch") hereby respond to the Plaintiff

18  RIYA, INC.'S ("Riya's") Complaint for Misappropriation of Trade Secrets; Claim and Delivery;

19  Violation of Computer Fraud & Abuse Act; Statutory Unfair Competition; Conversion; Breach

20  of Contract and Declaratory Relief; Breach of Fiduciary Duty/Duty of Loyalty; and Money Had

21  and Received (the "Complaint") as follows:

22          1.    As to paragraph 1, Kirsch lacks sufficient information or belief to enable

23                an answer to be made to the allegations contained therein, and upon that

24                ground denies those allegations, with the following exceptions, which

25                Kirsch admits:

26                a.  Riya provides a search engine for visual shopping through its website,

27                    Like.com;

28

b.  Riya claims that its technology allows consumers to search products visually through the use of object recognition;

c.  Some merchants pay Riya on a per click basis; and

d.  Riya's source code contains algorithms.

2.  As to paragraph 2, Kirsch denies each and every allegation contained therein, with the following exceptions, which Kirsch admits:

a.  She was employed by Riya for more than a year;

b.  While employed by Riya she held the title of Vice President of Marketing and Sales;

c.  She attended some meetings of the board of directors;

d.  She received some material in board packages;

e.  A Daily Revenue Report was emailed to every employee of the company on a daily basis;

f.  She helped develop Riya's business model;

g.  She worked in Riya's marketing department; and

h.  She worked to a limited degree with Riya engineers.

3.  As to paragraph 3, Kirsch denies each and every allegation contained therein, with the following exceptions, which Kirsch admits:

a.  A December 15, 2007 instant message authored by Kirsch to Sam Osborn included the statement that "you know I want to hand everything off well but man it's hard; I can't believe I screwed up so much;" and

b.  A January 10, 2008 instant message authored by Kirsch to Sam Osborn included the statement that "I needed to leav e [sic] and I knew it in Sept so instead of leaving I just screwed up."

4.  As to paragraph 4, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exceptions, which

2

Kirsch admits:

a. A December 16, 2007 instant message authored by Kirsch to David Lewis shows that Kirsch suggested to Lewis that he should build a traffic acquisition marketing platform to leverage Google and Yahoo! for alternative verticals like Riya and many other on-line marketers had done;

b. The December 16, 2007 instant message discussed above included the statement "I'll tell you how;"

c. David Lewis is the President and Founder of 77blue.com, LLC; and

d. Cashbaq.com and AnyCoupons.com are websites owned and operated by 77blue.com, LLC.

5. As to paragraph 5, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exceptions, which Kirsch admits:

a. Kirsch authored some instant messages while employed by Riya;

b. That a signed copy of the Employee Proprietary Information and Inventions Agreement ("PIIA") is attached to the Complaint as Exhibit A; and

c. The signed PIIA is dated September 14, 2007.

6. As to paragraph 6, Kirsch denies each and every allegation contained therein, with the following exceptions, which Kirsch admits:

a. A December 16, 2007 instant message authored by Kirsch to David Lewis shows that Kirsch suggested to Lewis that he should build a traffic acquisition marketing platform to leverage Google and Yahoo! for alternative verticals like Riya and many other on-line marketers had done (i.e. a lead-generation business);

b. The December 16, 2007 instant message discussed above included the

3

1    statement from David Lewis, "Let's discuss it in January;" and

2        c.  Kirsch replied to this the above statement in the December 16, 2007

3            instant message with the statement "I thought it might be good to come

4            visit you and just bat around what I learned at Riya for you."

5    7.   As to paragraph 7, Kirsch denies the allegation that Riya has been injured

6        in the marketplace as a result of any actions alleged in this suit, and admits

7        each and every other allegation contained therein.

8    8.   As to paragraph 8, Kirsch lacks sufficient information or belief to enable

9        an answer to be made to the allegations contained therein, and upon that

10       ground denies those allegations, with the following exceptions, which

11       Kirsch admits:

12       a.  Riya is a corporation organized and existing under the laws of

13           California with its headquarters in San Mateo, California;

14       b.  Riya operates a website, Like.com;

15       c.  Riya maintains its principal place of business at 3 Waters Park Drive,

16           Suite 120, San Mateo, California; and

17       d.  Kirsch worked out of this office while employed by Riya.

18   9.   As to paragraph 9, Kirsch admits the allegations contained therein.

19   10.  As to paragraph 10, Kirsch denies each and every allegation contained

20       therein.

21   11.  As to paragraph 11, Kirsch denies that this Court has subject matter

22       jurisdiction over this action.

23   12.  As to paragraph 12, Kirsch denies each and every allegation contained

24       therein, with the following exception, which Kirsch admits:

25       a.  Venue would be proper in this District if the Court had subject matter

26           jurisdiction over this action pursuant to 28 U.S.C. § 1331.

27   13.  As to paragraph 13, Kirsch lacks sufficient information or belief to enable

28       an answer to be made to the allegations contained therein, and upon that

4

ground denies those allegations, with the following exceptions, which Kirsch admits:

    a.  Riya is a privately held company;

    b.  Riya has employees in the United States and India;

    c.  Riya claims that Riya's website, Like.com, utilizes a visual search engine;

    d.  Shoppers can log onto Like.com;

    e.  Shoppers can click on pictures of products;

    f.  Riya's search engine uses various technologies;

    g.  Riya generates revenue through Like.com; and

    h.  Merchants sign up with Riya to receive customer leads.

14.  As to paragraph 14, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

15.  As to paragraph 15, Kirsch denies each and every allegation contained therein, with the following exceptions, which Kirsch admits:

    a.  She became employed by Riya in September, 2006 as its Director of Marketing;

    b.  While employed by Riya she held the title of Vice President of Marketing and Sales;

    c.  She attended some meetings of the board of directors;

    d.  She received some material in board packages;

    e.  A Daily Revenue Report was emailed to every employee of the company on a daily basis;

    f.  Kirsch had a separate email file on her company laptop computer in which she stored some Daily Revenue Reports;

    g.  She helped develop Riya's business model;

    h.  She worked in Riya's marketing department; and

1             i.   She worked to a limited degree with Riya engineers.

2     16.   As to paragraph 16, Kirsch denies each and every allegation contained

3          therein, with the following exceptions, which Kirsch admits:

4          a.   She signed a document entitled Employee Proprietary Information and

5              Inventions Agreement, which is attached to the Complaint as Exhibit

6              A; and

7          b.   The language of the Proprietary Information and Inventions

8              Agreement signed by Kirsch appears therein.

9     17.   As to paragraph 17, Kirsch lacks sufficient information or belief to enable

10         an answer to be made to the allegations contained therein, and upon that

11         ground denies those allegations, with the following exceptions, which

12         Kirsch admits:

13         a.   A TriNet document titled Employee Handbook is attached to the

14              Complaint as Exhibit B; and

15         b.   The language of that Employee Handbook appears therein.

16     18.   As to paragraph 18, Kirsch lacks sufficient information or belief to enable

17         an answer to be made to the allegations contained therein, and upon that

18         ground denies those allegations, with the following exceptions, which

19         Kirsch admits:

20         a.   A TriNet document titled Employee Handbook is attached to the

21              Complaint as Exhibit B; and

22         b.   The language of that Employee Handbook appears therein.

23     19.   As to paragraph 19, Kirsch lacks sufficient information or belief to enable

24         an answer to be made to the allegations contained therein, and upon that

25         ground denies those allegations, with the following exceptions, which

26         Kirsch admits:

27         a.   A TriNet document titled Employee Handbook is attached to the

28              Complaint as Exhibit B; and

6

1                  b.   The language of that Employee Handbook appears therein.

2       20.     As to paragraph 20, Kirsch lacks sufficient information or belief to enable

3               an answer to be made to the allegations contained therein, and upon that

4               ground denies those allegations, with the following exceptions, which

5               Kirsch admits:

6                  a.   A TriNet document titled Employee Handbook is attached to the

7                        Complaint as Exhibit B; and

8                  b.   The language of that Employee Handbook appears therein.

9       21.     As to paragraph 21, Kirsch lacks sufficient information or belief to enable

10               an answer to be made to the allegations contained therein, and upon that

11               ground denies those allegations, with the following exceptions, which

12               Kirsch admits:

13                  a.   A TriNet document titled Employee Handbook is attached to the

14                        Complaint as Exhibit B; and

15                  b.   The language of that Employee Handbook appears therein.

16       22.     As to paragraph 22, Kirsch lacks sufficient information or belief to enable

17               an answer to be made to the allegations contained therein, and upon that

18               ground denies those allegations, with the following exceptions, which

19               Kirsch admits:

20                  a.   A TriNet document titled Employee Handbook is attached to the

21                        Complaint as Exhibit B; and

22                  b.   The language of that Employee Handbook appears therein.

23       23.     As to paragraph 23, Kirsch lacks sufficient information or belief to enable

24               an answer to be made to the allegations that a "true and correct copy of

25               this December 15, 2007 IM is attached hereto as Exhibit C" and that a

26               "true and correct copy of this December 15, 2007 IM is attached hereto as

27               Exhibit D," and upon that ground denies those allegations.  Kirsch denies

28               each and every remaining allegation contained therein, with the following

7

exceptions, which Kirsch admits:

    a.  A December 15, 2007 instant message authored by Kirsch to Sam Osborn included the statement that "I still can't believe I'm leaving;"

    b.  The December 15, 2007 instant message described above also included the statement that "you know I want to hand everything off well but man it's hard . . . I can't believe I screwed up so much;"

    c.  Kirsch authored another December 15, 2007 instant message to Sam Osborn in which she expressed that she was torn between (1) her desire to stay and help the company through its transition from independent company to either publicly held or acquired company (Riya's "exit") and (2) her concern that her personal return on investment for doing such a thing would be too low;

    d.  This second December 15, 2007 instant message described above included the statement "the issue here is I have given so much to this company . . . I want to see it through . . . but you know . . . I worry abotu [sic] the exit here;" and

    e.  In this second December 15, 2007 instant message described above, Kirsch expressed her dismay that her relationship with Munjal had deteriorated to the point where he had decided to fire her with the statement "I feel like I let M down too . . . and that hurts."

24.  As to paragraph 24, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegation that "Kirsch's computer was locked up in the employee vault from the day she left until January 11, 2008," and upon that that ground denies that allegation. Kirsch denies each and every other allegation contained therein, with the following exceptions, which Kirsch admits:

    a.  Kirsch was paid by Riya through December 31, 2007;

    b.  Kirsch's last day in the Riya office was December 21, 2007; and

      c.   When Kirsch left Riya for the last time, she left her company laptop computer at Riya.

25.    As to paragraph 25, Kirsch denies the allegation that she "has a practice of disclosing Riya's confidential and proprietary business and trade secret information." Kirsch lacks sufficient information or belief to enable an answer to be made to the remaining allegations contained therein, and upon that that ground denies those allegations, with the following exception, which Kirsch admits:

      a.   On one occasion, in the December 16, 2007 instant message authored by Kirsch to David Lewis that was discussed in paragraph 6a above, Kirsch offered to discuss with David Lewis what she had learned while at Riya about putting together a lead-generation business.

26.    As to paragraph 26, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that that ground denies that allegation, with the following exception, which Kirsch admits:

      a.   On one occasion she told David Lewis that Riya had a seven-figure run-rate after being told my Munjal Shah that she could share that information with third parties.

27.    As to paragraph 27, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that that ground denies that allegation.

28.    As to paragraph 28, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegation that a "true and correct copy of this IM is attached hereto as Exhibit E," and upon that ground denies that allegation. Kirsch denies each and every remaining allegation contained therein, with the following exception, which Kirsch admits:

      a.   On or around December 3, 2007 she transmitted materials related to a

9

1    Board of Directors meeting to Sam Osborne, a Riya employee.

2    29.    As to paragraph 29, Kirsch lacks sufficient information or belief to enable

3    an answer to be made to the that a "true and correct copy of this IM is

4    attached hereto as Exhibit F," and upon that ground denies that allegation.

5    Kirsch denies each and every remaining allegation contained therein, with

6    the following exceptions, which Kirsch admits:

7        a.    A December 16, 2007 instant message authored by Kirsch to David

8             Lewis shows that Kirsch suggested to Lewis that he should build a

9             traffic acquisition marketing platform to leverage Google and Yahoo!

10            for alternative verticals like Riya and many other on-line marketers

11            had done (i.e. a lead-generation business); and

12       b.    The December 16, 2007 instant message discussed above included the

13            statements quoted in paragraph 29.

14   30.    As to paragraph 30. Kirsch denies each and every allegation contained

15   therein.

16   31.    As to paragraph 31, Kirsch lacks sufficient information or belief to enable

17   an answer to be made to the allegation that a "true and correct copy of this

18   IM is attached hereto as Exhibit G," and upon that ground denies that

19   allegation.  Kirsch denies each and every remaining allegation contained

20   therein, with the following exceptions, which Kirsch admits:

21       a.    Unlicensed copying and sharing of computer software was rampant in

22            Riya's office environment; and

23       b.    Kirsch authored an instant message to David Lewis on December 20,

24            2007 which included the statements quoted in Paragraph 30.

25   32.    As to paragraph 32, Kirsch lacks sufficient information or belief to enable

26   an answer to be made to the allegations contained therein, and upon that

27   ground denies those allegations.

28   33.    As to paragraph 33, Kirsch lacks sufficient information or belief to enable

10

1   an answer to be made to the allegations that Shah was "concerned about

2   Kirsch's disclosure and future disclosure of Riya's confidential and

3   proprietary business and trade secret information, [and that he] called

4   Kirsch to discuss these issues," and upon that ground denies those

5   allegations.    Kirsch denies the remaining allegations contained therein,

6   with the following exceptions, which Kirsch admits:

7       a.   Munjal Shah called her on January 15, 2008 and left a message when

8            she didn't answer the phone;

9       b.   On January 15, 2008, Munjal Shah sent Kirsch an email advising her

10           of what he found on her laptop, and the email included the statements

11           quoted in Paragraph 33;

12      c.   As part of this email, Munhal Shah stated that he was shocked by what

13           he had read, and that he was extremely disappointed with the way in

14           which she conducted herself at Riya; and

15      d.   A copy of Munjal Shah's January 15, 2008 email is attached to the

16           Complaint as Exhibit H.

17   34.   As to paragraph 34, Kirsch admits the allegations contained therein.

18   35.   As to paragraph 35, Kirsch lacks sufficient information or belief to enable

19         an answer to be made to the allegations contained therein, and upon that

20         ground denies those allegations, with the following exceptions, which

21         Kirsch admits:

22      a.   On January 16, 2008, Kirsch received a letter from Eric J. Amdursky

23           containing a Re: line which read "Breach of Continuing Obligations to

24           Riya, Inc.; and

25      b.   The language included in the January 16, 2008 letter received by

26           Kirsch appears therein.

27   36.   As to paragraph 36, Kirsch lacks sufficient information or belief to enable

28         an answer to be made to the allegations contained therein, and upon that

11

1    ground denies those allegations, with the following exceptions, which

2    Kirsch admits:

3        a.   On January 16, 2008, Kirsch received a letter from Eric J. Amdursky

4             containing a Re: line which read "Breach of Continuing Obligations to

5             Riya, Inc.; and

6        b.   The language included in the January 16, 2008 letter received by

7             Kirsch appears therein.

8    37.   As to paragraph 37, Kirsch denies each and every allegation contained

9          therein, with the following exceptions, which Kirsch admits:

10        a.   Kirsch's attorney, Derek A. Eletich, informed Riya's counsel by letter

11             on Friday, January 18, 2008, the day that he was hired, that he would

12             respond to the January 16, 2008 letter the following week;

13        b.   A copy of that letter is attached to the Complaint as Exhibit I;

14        c.   Mr. Eletich, received notification on Tuesday, January 22, 2008 from

15             Riya's counsel that Riya was planning on filing a Complaint,

16             application for a temporary restraining order, and expedited discovery

17             motion against Kirsch on Wednesday, January 23, 2008;

18        d.   Based on Riya's notification that it would be filing this action on

19             Wednesday, January 23, 2008, Mr. Eletich considered Riya's request

20             for a response to its January 16, 2008 letter to be moot; and

21        e.   Kirsch "returned" Riya information to Riya on February 4, 2008, and

22             provided adequate assurances and accounting to Riya as agreed in the

23             parties' Stipulation, signed on Monday, January 28, 2008.

24    38.   As to paragraph 38, Kirsch hereby incorporates each and every denial

25          and/or admission previously made in response to each and every allegation

26          incorporated therein.

27    39.   As to paragraph 39, Kirsch lacks sufficient information or belief to enable

28          an answer to be made to the allegations contained therein, and upon that

12

1       ground denies those allegations.

2       40.     As to paragraph 40, Kirsch lacks sufficient information or belief to enable

3               an answer to be made to the allegations contained therein, and upon that

4               ground denies those allegations.

5       41.     As to paragraph 41, Kirsch lacks sufficient information or belief to enable

6               an answer to be made to the allegations contained therein, and upon that

7               ground denies those allegations, with the following exception, which

8               Kirsch denies outright:

9               a.   The allegation that "[a]ccess to Riya's office in San Mateo is permitted

10                   only with a key code or key."

11      42.     As to paragraph 42, Kirsch lacks sufficient information or belief to enable

12              an answer to be made to the allegations contained therein, and upon that

13              ground denies those allegations.

14      43.     As to paragraph 43, Kirsch lacks sufficient information or belief to enable

15              an answer to be made to the allegations contained therein, and upon that

16              ground denies those allegations.

17      44.     As to paragraph 44, Kirsch lacks sufficient information or belief to enable

18              an answer to be made to the allegations contained therein, and upon that

19              ground denies those allegations.

20      45.     As to paragraph 45, Kirsch lacks sufficient information or belief to enable

21              an answer to be made to the allegations contained therein, and upon that

22              ground denies those allegations.

23      46.     As to paragraph 46, Kirsch lacks sufficient information or belief to enable

24              an answer to be made to the allegations contained therein, and upon that

25              ground denies those allegations.

26      47.     As to paragraph 47, Kirsch lacks sufficient information or belief to enable

27              an answer to be made to the allegations contained therein, and upon that

28              ground denies those allegations.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No. CV 08 0547 MMC

48.    As to paragraph 48, denies each and every allegation contained therein.

49.    As to paragraph 49, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exceptions, which Kirsch denies outright:

   a.    The allegation that Riya has suffered or will suffer any irreparable harm from the misconduct alleged in the Complaint;

   b.    The allegation that any of the misconduct alleged in the Complaint has resulted in the disclosure of Riya's product to the broader market;

   c.    The allegation that any of the misconduct alleged in the Complaint has resulted in the disclosure of Riya's source code to the broader market;

   d.    The allegation that the misconduct alleged in the Complaint resulted in the disclosure of Riya's algorithms to the broader market; and

   e.    The allegation that any of the misconduct alleged in the Complaint has damaged Riya or its business prospects in any way.

50.    As to paragraph 50, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exceptions, which Kirsch denies outright:

   a.    The allegation that any persons are acting in concert with her in the misconduct alleged in the Complaint; and

   b.    The allegation that Kirsch will obtain any commercial advantage or unjust enrichment from the misconduct alleged in the Complaint.

51.    As to paragraph 51, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exceptions, which Kirsch denies outright:

   a.    The allegation that any persons are acting in concert with her in the

14

misconduct alleged in the Complaint; and

    b.   The allegation that Kirsch has not "returned" all Riya information to Riya.

52.   As to paragraph 52, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exceptions, which Kirsch denies outright:

    a.   The allegation that Riya has suffered damages as a result of the alleged misconduct which is it entitled to recover from Kirsch; and

    b.   The allegation that Kirsch has acquired gains, profits, advantages, and/or unjust enrichment as a result of the alleged misconduct described therein.

53.   As to paragraph 53, Kirsch denies each and every allegation contained therein.

54.   As to paragraph 54, Kirsch hereby incorporates each and every denial and/or admission previously made in response to each and every allegation incorporated therein.

55.   As to paragraph 55, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

56.   As to paragraph 56, Kirsch denies each and every allegation contained therein, with the following exception, which Kirsch admits:

    a.   Kirsch has complied with Riya's instructions to not delete or destroy any Riya information in her possession.

57.   As to paragraph 57, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exception, which Kirsch denies outright:

15

a. The allegation that Kirsch has not "returned" all Riya information to Riya.

58. As to paragraph 58, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exception, which Kirsch denies outright:

a. The allegation that Riya has suffered damages as a result of the alleged misconduct which it is entitled to recover from Kirsch.

59. As to paragraph 59, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations, with the following exception, which Kirsch denies outright:

a. The allegation that Kirsch has "failed to return all Proprietary Information . . . and Company Materials," to Riya;

b. The allegation that "Riya will suffer immediate and irreparable harm;" and

c. The allegation that compensatory damages would afford some relief to Riya for some injury caused by Kirsch.

60. As to paragraph 60, Kirsch hereby incorporates each and every denial and/or admission previously made in response to each and every allegation incorporated therein.

61. As to paragraph 61, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

62. As to paragraph 62, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

63. As to paragraph 63, Kirsch denies each and every allegation contained

16

1    therein.

2    64.   As to paragraph 64, Kirsch denies each and every allegation contained

3          therein, with the following exception, which Kirsch lacks sufficient

4          information or belief to enable an answer to be made to the allegations

5          contained therein, and upon that ground denies:

6          a.   The allegation that Kirsch was not authorized to use Riya computers

7               for the purpose of benefitting a competitor seeking to develop

8               competing technology.

9    65.   As to paragraph 65, Kirsch lacks sufficient information or belief to enable

10         an answer to be made to the allegations contained therein, and upon that

11         ground denies those allegations, with the following exception, an

12         allegation which Kirsch denies outright:

13         a.   The allegation that Riya has suffered a "loss" as that term is used in 18

14              U.S.C. § 1030(e)(11) which entitles Riya to recover under 18 U.S.C.

15              § 1030.

16   66.   As to paragraph 66, Kirsch lacks sufficient information or belief to enable

17         an answer to be made to the allegations contained therein, and upon that

18         ground denies those allegations, with the following exception, which

19         Kirsch denies outright:

20         a.   The allegation that Riya has suffered damages or losses as a result of

21              the alleged misconduct which is it entitled to recover from Kirsch.

22   67.   As to paragraph 67, Kirsch lacks sufficient information or belief to enable

23         an answer to be made to the allegations contained therein, and upon that

24         ground denies those allegations, with the following exception, which

25         Kirsch denies outright:

26         a.   The allegation that Riya has suffered damages or losses as a result of

27              the alleged misconduct which is it entitled to recover from Kirsch.

28   68.   As to paragraph 68, Kirsch lacks sufficient information or belief to enable

17

an answer to be made to the allegations contained therein, and upon that

ground denies those allegations, with the following exceptions, which

Kirsch denies outright:

a. The allegation that "Kirsch threatens to continue to engage in the

unlawful actions alleged herein, and unless restrained and enjoined

will continue to do so, causing irreparable harm to Riya;" and

b. The allegation that anyone has acted in concert with her in the

misconduct alleged in the Complaint.

69. As to paragraph 69, Kirsch hereby incorporates each and every denial

and/or admission previously made in response to each and every allegation

incorporated therein.

70. As to paragraph 70, Kirsch denies each and every allegation contained

therein.

71. As to paragraph 71, Kirsch denies each and every allegation contained

therein.

72. As to paragraph 72, Kirsch denies each and every allegation contained

therein.

73. As to paragraph 73, Kirsch denies each and every allegation contained

therein.

74. As to paragraph 74, Kirsch denies each and every allegation contained

therein.

75. As to paragraph 75, Kirsch denies each and every allegation contained

therein.

76. As to paragraph 76, Kirsch hereby incorporates each and every denial

and/or admission previously made in response to each and every allegation

incorporated therein.

77. As to paragraph 77, Kirsch lacks sufficient information or belief to enable

an answer to be made to the allegations contained therein, and upon that

18

1     ground denies those allegations.

2     78.   As to paragraph 78, Kirsch lacks sufficient information or belief to enable

3           an answer to be made to the allegations contained therein, and upon that

4           ground denies those allegations, with the following exceptions, which

5           Kirsch denies outright:

6           a.   The allegation that Riya has suffered actual damages as a result of any

7                alleged misconduct; and

8           b.   The allegation that Kirsch has not returned all of Riya's information in

9                Kirsch's possession.

10    79.   As to paragraph 79, Kirsch denies each and every allegation contained

11          therein.

12    80.   As to paragraph 80, Kirsch hereby incorporates each and every denial

13          and/or admission previously made in response to each and every allegation

14          incorporated therein.

15    81.   As to paragraph 81, Kirsch lacks sufficient information or belief to enable

16          an answer to be made to the allegations contained therein, and upon that

17          ground denies those allegations, with the following exceptions, which

18          Kirsch admits:

19          a.   Kirsch signed a document entitled Employee Proprietary Information

20               and Inventions Agreement, which is attached to the Complaint as

21               Exhibit A; and

22          b.   The language of the Proprietary Information and Inventions

23               Agreement signed by Kirsch appears therein.

24    82.   As to paragraph 82, Kirsch lacks sufficient information or belief to enable

25          an answer to be made to the allegations contained therein, and upon that

26          ground denies those allegations, with the following exceptions, which

27          Kirsch admits:

28          a.   She signed a document entitled Employee Proprietary Information and

19

1         Inventions Agreement, which is attached to the Complaint as Exhibit

2         A; and

3       b.  The language of the Proprietary Information and Inventions

4         Agreement signed by Kirsch appears therein.

5    83.  As to paragraph 83, Kirsch lacks sufficient information or belief to enable

6       an answer to be made to the allegations contained therein, and upon that

7       ground denies those allegations, with the following exceptions, which

8       Kirsch admits:

9       a.  Kirsch retained a limited number of Riya documents for the sole

10         purpose of having a keepsake of her time and accomplishments at

11         Riya; and

12       b.  Kirsch abided by instructions given to her by Munjal Shah on January

13         15, 2008 to not delete or destroy any Riya documents in her

14         possession.

15    84.  As to paragraph 84, Kirsch denies each and every allegation contained

16       therein.

17    85.  As to paragraph 85, Kirsch denies each and every allegation contained

18       therein.

19    86.  As to paragraph 86, Kirsch denies each and every allegation contained

20       therein.

21    87.  As to paragraph 87, Kirsch hereby incorporates each and every denial

22       and/or admission previously made in response to each and every allegation

23       incorporated therein.

24    88.  As to paragraph 88, Kirsch lacks sufficient information or belief to enable

25       an answer to be made to the allegations contained therein, and upon that

26       ground denies those allegations, with the following exceptions, which

27       Kirsch admits:

28       a.  She signed a document entitled Employee Proprietary Information and

20

Inventions Agreement, which is attached to the Complaint as Exhibit A; and

    b.   The language of the Proprietary Information and Inventions Agreement signed by Kirsch appears therein.

89.   As to paragraph 89, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

90.   As to paragraph 90, Kirsch denies each and every allegation contained therein.

91.   As to paragraph 91, Kirsch denies each and every allegation contained therein.

92.   As to paragraph 92, Kirsch denies each and every allegation contained therein.

93.   As to paragraph 93, Kirsch denies each and every allegation contained therein.

94.   As to paragraph 94, Kirsch hereby incorporates each and every denial and/or admission previously made in response to each and every allegation incorporated therein.

95.   As to paragraph 95, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

96.   As to paragraph 96, Kirsch denies each and every allegation contained therein.

97.   As to paragraph 96, Kirsch lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

98.   As to paragraph 98, Kirsch denies each and every allegation contained therein.

21

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

**(Failure to State a Claim)**

The alleged second, third, fifth, and eighth causes of action in the Complaint are barred, in whole or in part, because Riya has failed to state a claim for which relief can be granted in a court of law.

**Second Affirmative Defense**

**(No Controversy to Be Decided)**

The alleged second and fifth causes of action in the Complaint are barred, in whole or in part, because the Court has no authority to hear the issue since Riya has already received the relief sought in the Complaint.

**Third Affirmative Defense**

**(No Proximate Cause)**

The alleged causes of action in the Complaint, and each of them, are barred, in whole or in part, because the asserted injuries, if any, were not proximately caused by Kirsch.

**Fourth Affirmative Defense**

**(No Damages Sustained)**

The alleged causes of action in the Complaint, and each of them, are barred, in whole or in part, because Riya was not injured, and Kirsch was not unjustly enriched, by the misconduct alleged in the Complaint.

**Fifth Affirmative Defense**

**(No Standing)**

The alleged fourth cause of action in the Complaint is barred, in whole or in part, because Riya's failure to suffer an economic injury in fact and lose money or property as a result of the alleged unfair competition results in a lack of standing to assert the claim.

22

**Sixth Affirmative Defense**

**(Consent)**

The alleged first, sixth, seventh, and eighth causes of action in the Complaint are barred, in whole or in part, because of ratification, agreement, acquiescence or consent (implied and/or express) to Kirsch's alleged conduct by Riya.

**Seventh Affirmative Defense**

**(Waiver)**

The alleged first, fourth, sixth, seventh, and eighth causes of action in the Complaint are barred, in whole or in part, by the doctrine of waiver.

**Eighth Affirmative Defense**

**(Estoppel)**

The alleged first, fourth, sixth, seventh, and eighth causes of action in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

**Ninth Affirmative Defense**

**(Laches)**

The alleged first, sixth, seventh, and eighth causes of action in the Complaint are barred, in whole or in part, by the doctrine of laches.

**Tenth Affirmative Defense**

**(Unclean Hands)**

The alleged first, fourth, fifth, sixth, and seventh causes of action in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**Eleventh Affirmative Defense**

**(Failure to Mitigate)**

The alleged first and fourth causes of action in the Complaint are barred, in whole or in part, by Riya's failure to exercise reasonable efforts to avoid or mitigate the alleged injuries purportedly suffered.

**Twelfth Affirmative Defense**

**(Independent Discovery)**

The alleged first and fourth causes of action in the Complaint are barred, in whole or in part, because Kirsch did not misappropriate the alleged trade secrets described in the Complaint in that Kirsch learned the information through proper means.

**Thirteenth Affirmative Defense**

**(No Independent Economic Value)**

The alleged first, fourth, sixth, seventh and eighth causes of action in the Complaint are barred, in whole or in part, because the information alleged to be a trade secret in the Complaint is not a trade secret as defined in Section 3426 et. seq. of the Civil Code in that, it does not derive independent economic value from not being generally known to the public.

**Fourteenth Affirmative Defense**

**(Prior Disclosure)**

The alleged first, fourth, sixth, seventh and eighth causes of action in the Complaint are barred, in whole or in part, because the information alleged to be a trade secret in the Complaint is not a trade secret as defined in Section 3426 et. seq. of the Civil Code in that, before and/or after the date of Kirsch's alleged misappropriation, the information alleged to be a trade secret was disclosed to the public.

**Fifteenth Affirmative Defense**

**(No Notice)**

The alleged first, fourth, sixth, seventh and eighth causes of action in the Complaint are barred, in whole or in part, because Kirsch had no notice that Riya considered the information alleged to be a trade secret or that the disclosure of the alleged trade secret resulted from an accident or mistake.

**Sixteenth Affirmative Defense**

**(Obviousness)**

The alleged first, fourth, sixth, seventh and eighth causes of action in the Complaint are barred, in whole or in part, because the alleged trade secrets described in the

24

1  Complaint are not trade secrets as defined in Section 3426 et. seq. of the Civil Code in that they

2  are obvious from existing public information, well known scientific principles, or existing

3  technology.

4  **Seventeenth Affirmative Defense**

5  **(Failure to Protect)**

6  　　　　The alleged first, fourth, sixth, seventh and eighth causes of action in the

7  Complaint are barred, in whole or in part, because Riya failed to make reasonable efforts to

8  protect the secrecy of the alleged trade secrets described in the Complaint.

9  **Eighteenth Affirmative Defense**

10  **(Readily Ascertainable)**

11  　　　　The alleged first, fourth, sixth, seventh and eighth causes of action in the

12  Complaint are barred, in whole or in part, because the information alleged to be a trade secret is

13  readily ascertainable by proper means by others in Riya's industry.

14  **Nineteenth Affirmative Defense**

15  **(No Malicious Intent)**

16  　　　　The alleged third, seventh and eighth causes of action in the Complaint are barred,

17  in whole or in part, because Kirsch did not have either malicious or fraudulent intent in her

18  dealings with Riya.

19  **Twentieth Affirmative Defense**

20  **(Authorized Access)**

21  　　　　The alleged third cause of action in the Complaint is barred, in whole or in part,

22  because Kirsch was authorized at all times during her employment with Riya to access the Riya

23  computers, networks, and information that she accessed.

24  **Twenty-First Affirmative Defense**

25  **(Information Had No Financial Value)**

26  　　　　The alleged third cause of action in the Complaint is barred, in whole or in part,

27  because the information alleged to have been misappropriated by Kirsch had no financial value,

28  and provided no commercial advantage, to Kirsch.

25

**Twenty-Second Affirmative Defense**

**(No Damage To Riya's Computers Or Systems)**

The alleged third cause of action in the Complaint is barred, in whole or in part, because neither Riya's computers nor computer or network system suffered damage such as is required to trigger applicability of the Computer Fraud and Abuse Act.

**Twenty-Third Affirmative Defense**

**(Relief Sought is Prohibited by California Law)**

The alleged eighth cause of action in the Complaint is barred, in whole or in part, because the relief sought is prohibited by California law.

**Twenty-Fourth Affirmative Defense**

**(Lack of Subject Matter Jurisdiction)**

The alleged causes of action in the Complaint, and each of them, are barred, in whole or in part, because this Court does not have subject matter jurisdiction over them.

WHEREFORE, Kirsch prays for relief as follows:

(a)     For Riya to take nothing by reason of its Complaint;

(b)     For Riya to be denied an injunction and any other equitable remedies sought;

(c)     For Kirsch's costs of suit;

(d)     For Kirsch's reasonable attorneys' fees; and

(e)     For other and further relief as the Court deems just and proper.

Dated:  March 6, 2008                     LAW OFFICE OF DEREK A. ELETICH

/s/ Derek A. Eletich

By:_____
          DEREK A. ELETICH

Attorney for Defendant
DEBORAH BETH KIRSCH

26